WARNER WHITE, Appellant, v. N. F. HAWORTH,
Respondent.

Kansas City Court of Appeals, April 5, 1886.

CITY OF MOBERLY—HOG ORDINANCE—CASE ADJUDGED.—By ordinance
of the city of Moberly, provision is made declaring hogs running at
large to be a nuisance, and authorizing the city officer to take the
same up and impound them. Section two of this ordinance provides :
"When" any hog is thus taken up, the owner thereof may redeem
the same within five days by proving   *   *   *   the ownership, and
paying the costs of impounding the same; and it shall be lawful, etc.,
for the street commissioner   *   *   *   to sell the same, at auction,
to the highest bidder for cash, after having given three days' notice
by handbills," etc.  Held, that by the ordinance, the owner had
*five* days to redeem, exclusive of that on which the hogs were im-
pounded, and until the five days had expired, there was no power
conferred upon the city officer to sell.  Held, further, that before
he could sell he must give three days' notice by advertisement; and
that, as the right to proceed for forfeiture does not attach until
the full five days of grace have run, the ordinance does not contem-
plate that the notice of sale shall begin until after the full period
of the five days.

APPEAL from Moberly Common Pleas Court, HON.
G. H. BURCKHARTT, Judge.

*Reversed and remanded.*

The case and facts are stated in the opinion of the
court.

BEN. T. HARDIN, for the appellant.

I.   The charter of the city of Moberly gives no
power to the council to pass the ordinance in question.
Laws 1873, p. 328, subdiv. 18; *Ib.* p. 329, subdiv. 23 ;
1 Dill. Mun. Corp. (3 Ed.) sects. 150, 345, 348; *Corrigan
v. Gage,* 68 Mo. 541.

II.   Plaintiff had a right to the *whole* of the *five*
days to redeem.  *Brackett v. Brackett,* 61 Mo. 223 ; *Hart
v. Walker,* 31 Mo. 26.   And the ordinance does not

authorize the officer to advertise the sale before the expiration of the *five* days, thereby making the *three* days of advertising "a part and portion" of the aforesaid findings. *Same authorities, and Bank v. Jacobs,* 73 Mo. 35; *Bank v. Marlow,* 71 Mo. 618; *Smith v. Best,* 42 Mo. 185.

III. "The right to denounce a forfeiture against animals running at large in a town or city, contrary to the provisions of ordinances forbidding it, must be plainly conferred, or it will not be held to exist. *It must be by express words to that effect.*" 1 Dill. Mun. Corp. (3 Ed.) sects 345–350.

IV. Where a party sets up a pretension to sell the property of another, in such a manner as will work a divestiture of title without judicial process, he must show that he has strictly pursued the power conferring the right. *Fowler v. St. Joseph,* 37 Mo. 237.

PHILIPS, P. J.—This is an action of replevin to recover certain hogs. The facts of the case are, briefly, as follows: By ordinance of the city of Moberly, provision is made declaring hogs running at large to be a nuisance, and authorizing the city officer to take the same up and impound them. Section two of this ordinance provides that: "When any hog is thus taken up, the owner thereof may redeem the same within five days by proving * * * the ownership, and paying the costs of impounding the same; and it shall be lawful, etc., for the street commissioner * * * to sell the same at auction to the highest bidder for cash, after having given three days' notice by handbills," etc.

Under this ordinance the plaintiff's hogs, consisting of a sow and several shoats, were taken up and impounded. The evidence shows that the sow was so impounded on the fourteenth day of the month, and the shoats on the seventeenth day, and they were sold on the twenty-fourth day of the month.

On this state of the proof, the court refused to give the following declaration of law asked by plaintiff:

"The court declares the law to be in this case, that unless the hogs in controversy were kept in the pound by the city authorities of the city of Moberly five whole days before they were advertised for sale, and that the notice of sale put up was up and remained up three whole days after the expiration of the five days, and before the sale, then a sale under such impounding and notice was illegal and void; and the purchaser took no title under such sale, and the verdict must be for plaintiff."

Of its own motion, the court declared the law as follows:

"It is not necessary under the ordinance of the city of Moberly in relation to hogs running at large, that prior to the sale they shall be advertised *for three days after the expiration of the five days mentioned in the ordinance*, but the *three* days' advertisement may be a part and portion of the *aforesaid five days;* and, all else being regular, in accordance with the ordinance, the sale will be legal."

The court having found the issues for the defendant, from its judgment plaintiff prosecutes this appeal.

I. The only question deemed important to be determined on this record is, as to the correctness of the declaration of law given by the court. By the ordinance in evidence, the owner of the hogs had five days within which to redeem. This, of course, means five days exclusive of that on which the hogs were impounded. Until the five days had expired there was certainly no power conferred upon the city officer to sell. Then, before he could sell, he must give three days' notice by advertisement. As a right to proceed for the forfeiture does not attach until the five days of grace have run, the ordinance does not contemplate that the notice of sale shall begin until after the full period of the five days. This must be so, for the obvious reason that the notice is an essential part of the procedure of forfeiture. And as the right to proceed does not attach until after the five days of grace have run, the giving of

the notice, which is a pre-requisite, and an important part of the proceeding, could not be instituted earlier than the end of the five days. The rule in the matter of dishonored bills or notes is, that the prescribed notice of dishonor must be given subsequent to the dishonor of the bill, which cannot take place until the days of grace have run. Wade on Notice, sect. 779. In deeds of trust or mortgage, the mortgagee may proceed to sell after forfeiture, by giving so many days' notice. If the deed were silent as to the time when such notice should begin, it would be after the default.

Why incur the trouble and expense of advertising before the five days of grace have expired when it could not be known the owner would not redeem? No such expesne could be demanded of the owner who offered to redeem within the five days, for the palpable reason that the ordinance only provides that he shall then pay "the costs of impounding the same," not the costs of advertising. The ordinance makes no provision for the city paying for such advertisement, simply because it was not within the contemplation of the municipal legislature that any such cost could accrue within the five days.

II. As to the sow, the evidence that showed she was impounded on the fourteenth day of the month, and as the sale did not occur until the twenty-fourth, there was ample time for the advertisement of the sale after the end of the five days. If, therefore, the proceeding was regular the sale as to her was valid.

Judgment of common pleas court is reversed and the cause remanded. All concur.