## McDONALD v. LAWRENCE

No. 14385—Opinion Filed Nov. 27, 1923.

### Municipal Corporations—Sale of Impounded Animals—Notice—Sufficiency.

Where a town or city ordinance provides that when domestic animals are distrained notice thereof by posting shall be given for three days, and that after the expiration of said three days, if the animal is not redeemed by the owner, a notice of sale shall be given in like manner for three days, a notice of sale commenced before the expiration of the notice of impounding is void, and the purchaser at such sale takes no title.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Muskogee County; Guy F. Nelson, Judge.

This is a replevin action from the District Court of Muskogee County, by C. C. McDonald against W. P. Lawrence. There was judgment for the defendant below, and the plaintiff has appealed. Reversed.

C. A. Summers, for plaintiff in error.

R. P. deGraffenried and A. M. deGraffenried, for defendant in error.

Opinion by DICKSON, C. The parties hereafter will be referred to as plaintiff and defendant, as they were designated in the court below.

The plaintiff's horse was impounded by the poundmaster of the incorporated town of Okay, under an ordinance providing for the impounding and sale of domestic animals found running at large in said town, and in pursuance of said ordinance the following notice was posted:

"Notice of Impounding Domestic Animal. "To the Unknown Owner or Owners:

"I have taken up and impounded the following domestic animal found running at large in the corporate limits of the town of Okay, Wagoner county, Oklahoma, contrary to the provisions of ordinance number one: One male horse, light sorrel in color, weight about seven hundred or eight hundred pounds, about three years old, no particular brands or marks.

"Unless the owner or owners of said animal appear within three days after the posting of this notice and pay the penalty as provided in said ordinance number one, together with the costs of impounding, said animal will be sold at public auction to the highest bidder for cash and such penalty and costs of impounding deducted from the proceeds of said sale.

"Posted in five public places in the town of Okay, Oklahoma, this 27th day of October, 1921.

    "(Signed)    T. W. Monroe,
                     "Poundmaster."

No one appeared to claim said animal and pay the cost and fees. The said poundmaster on the 31st day of October, 1921, posted the following notice:

"Notice of Sale of Impounded Animal. "Okay, Wagoner County, Oklahoma.
                   "10-31-1921.

"By virtue of the authority vested in me under ordinance number one of the incorporated town of Okay, Wagoner county, Oklahoma, I have taken up and impounded the following animal found running at large in the limits of said town of Okay: One male horse, light sorrel in color, weight about seven or eight hundred pounds, age about three years, no particular brands or marks.

"The owner or owners of said horse being unknown, and, pursuant to the provisions of said ordinance number one, I posted notice of such impounding in five public places in said town of Okay for three days, giving the description of said animal as to color, weight, sex, age and particular marks or brands, and warning such unknown owner or owners to appear within three days after said posting and pay the impounding fee, together with the costs of impounding, or said animal would be sold at public auction to the highest bidder and said impounding fee and costs deducted from the proceeds of said sale.

"Said unknown owner or owners having failed to appear and claim said animal and

pay said impounding fee and costs of impounding, and in pursuance to the provisions of said ordinance number one, notice is hereby given that on Thursday, November 3rd, 1921, at 2 o'clock p. m. at the public pound in the said town of Okay, Wagoner county, Okla., I will offer for sale to the highest bidder the above described animal and will sell the same to the highest bidder and the impounding fee and costs of impounding deducted from the proceeds of said sale.

"(Signed)   T. W. Monroe,
"Town Marshal and Poundmaster."

And on the 3rd day of November, 1921, said poundmaster, pursuant to said notice, sold the horse in suit to the defendant. It is admitted that prior to these proceedings the horse was the property of the plaintiff. The defendant's title depends upon the validity of this proceeding.

The ordinance under which this sale took place provides that when an animal is impounded, and the owner thereof is unknown, the poundmaster shall post notices in five public places in the town, directed to the unknown owner, that such animal has been impounded, and that unless the fees and costs are paid within three days, proceedings will be commenced to sell the animal.

Section six of the ordinance provides that if the owner, after such notice, fails to claim the animal and pay the fees, rne poundmaster shall give three days notice by posting in five public places in said town, stating day, hour, and place when and where the animal will be sold.

It will be noticed that this ordinance requires two separate notices, one of the impounding, and one of the sale; each is required to run three days.

The first notice commenced on the 27th day of October, 1921. The 30th day of October, 1921, was Sunday. Therefore, the first notice did not expire until the end of October 31st. Compiled Laws 1921, section 884.

The second notice was posted on the 31st day of October, and the sale took place on the 3rd day of November, 1921. In other words, the sale took place one day earlier than it could have taken place had the notices been given as contemplated by the said ordinance.

In the case of White v. Hayworth, 21 Mo. App. 439, this precise question is before the court. In that case the ordinance in question provided that the animals should be detained in the public pound for five days before they were advertised for sale, and the court held that where the notice of sale was commenced before the expiration of the five days, it was ineffectual.

In this class of cases, where it is sought to divest a citizen of his property without an opportunity to be heard, the law or ordinance proceeded under must be strictly observed and complied with.

The ordinance introduced in evidence in this case provides for the sale of animals found running at large within the corporate limits of said town, but a necessary prerequisite is that a three days' notice be given after the expiration of the notice of impounding has expired. This was not done, and in our judgment the sale was void. 2 A. & E. Ency. Law (2nd Ed.) 360, volume 1; R. C. L., page 1149, section 91.

It follows that the judgment appealed from should be reversed, and we so recommend.

By the Court:  It is so ordered.