JOHN E. WHITE ET AL., PLAINTIFFS IN ERROR, V. THE GERMAN INSURANCE CO., DEFENDANT IN ERROR.

Justice of Peace: SERVICE OF SUMMONS. In cases where a justice of the peace has cognizance, a summons served three days including the day of service, before the time set for trial, is sufficient to give the justice jurisdiction.

ERROR to the district court for Kearney county.    Tried below before GASLIN, J.

*Joel Hull*, for plaintiff in error.

*W. W. Wood*, for defendant in error.

MAXWELL, J.

On the 24th of June, 1882, the defendant in error commenced an action against the plaintiffs in the county court of Kearney county upon a promissory note to recover the sum of $12.50.    Summons was thereupon issued returnable on the 29th of that month.    The return is as follows: "Received this summons 26th day of June, 1882, and I hereby certify that on the same day I served the same on the within named John E. White by delivering to him a true and certified copy of the summons, and on the within named R. W. White by leaving a certified copy at his usual place of residence."    On the return day of the summons, the following motion was filed: "John E. White makes special appearance for himself, and by his attorney, and objects to the jurisdiction of the court for want of service, and states that the officer served the summons in this action upon him personally by handing him a copy at about 2 o'clock P.M. on the 26th day of June, 1882."    The justice overruled the objection and rendered judgment in

favor of the defendant in error, which judgment was affirmed by the district court.

The errors assigned in this court are in substance that the court below had no jurisdiction. A motion should specifically point out the very objection made. Courts do not look with favor upon technical motions or pleas, and if such are overruled, it must appear that the party complaining has sustained injury thereby. The objection made in this case undoubtedly was intended to apply to the *time* of service of summons.

Sec. 911 of the code provides that "the summons must be returnable not more than twelve days from its date, and must, unless accompanied by an order of arrest, be served at least three days before the time of appearance, etc.

Sec. 895 provides that "the time within whi h an act is to be done as herein provided shall be computed by excluding the first day and including the last," etc. This is not a new question in this state. The justice code has been in force about twenty-five years, and the almost invariable practice under it has been to make the summons returnable on the fourth day from the date of service—that is, excluding the first day, or day of service, and including the last. This being the general construction placed upon the statute, and as the validity of judgments depends thereon, we do not think it proper at this time to give the language a different construction. We therefore hold that the service was made a sufficient length of time before the return day to give the court jurisdiction. The judgment must therefore be affirmed.

JUDGMENT AFFIRMED

THE other judges concur.