John B. Spencer *vs.* Mathias Haug.

January 13, 1891.

Computation of Time.—Gen. St. c. 66, § 82, relating to the computation of time, was intended to establish a uniform rule, applicable to the construction of statutes as well as to matters of practice.

Same—Life of Judgments.—The rule applied to Gen. St. 1878, c. 66, § 293, fixing the time that judgments survive.

Execution—Levy before and Sale after Return-Day.—If a sheriff levies on real estate before the return-day of an execution, he may make sale after such day.

Ejectment for land in St. Louis county, brought in the district court for that county, and tried by *Ensign,* J., (a jury being waived,) who ordered judgment for defendant. The plaintiff appeals from an order refusing a new trial.

*Cant & Brigham* and *Chas. N. Bell,* for appellant.

*Cash & Williams,* for respondent.

Mitchell, J. It is conceded that plaintiff is the owner of the premises in controversy, unless his title has been divested by a sale thereof made Monday, May 20, 1872, on an execution issued October

28, 1871, on a judgment rendered and docketed May 19, 1862, against him, and in favor of one Campbell. The defendant claims title under the sale on this execution, which was the first and only one ever issued on the judgment; and the principal question is whether the sale took place during the life of the judgment. The provisions of Laws 1862, *c.* 27, being retrospective, applied to this judgment, although rendered before that act took effect. *Burwell* v. *Tullis*, 12 Minn. 486, (572.)

On July 31, 1866, however, the act of 1862 was repealed and the General Statutes of 1866 took effect, which provide that judgments "shall survive, and the lien thereof continue, for the period of ten years, and no longer," (Gen. St. 1866, *c.* 66, § 254; Gen. St. 1878, *c.* 66, § 277;) and that "the party in whose favor judgment is given, may, at any time within ten years after the entry thereof, proceed to enforce the same as prescribed by statute." Gen. St. 1866, *c.* 66, § 262; Gen. St. 1878, *c.* 66, § 293. Without discussing the question whether the decision in *Davidson* v. *Gaston*, 16 Minn. 202, (230,) was correct, and whether it is consistent with that of *Erickson* v. *Johnson*, 22 Minn. 380, a careful comparison of the two makes it clear that the rule established by these cases is that it is only judgments upon which executions had been issued and levied, or returned no property found, within five years from the entry thereof, under the act of 1862, that were excluded from the operations of section 254, *c.* 66, by section 4, *c.* 121, Gen. St. 1866; and that where, as in the present case, no execution had been thus issued and returned before the Statutes of 1866 took effect, the 10-year limitation contained in section 254 was made applicable by section 7, *c.* 121. It was also settled by *Newell* v. *Dart*, 28 Minn. 248, (9 N. W. Rep. 732,) that the sale on execution must be made within the life of the judgment.

The case is therefore reduced to the question of the proper method of computing time, in order to determine when the 10 years expired. Gen. St. 1866, *c.* 66, § 68, (Gen. St. 1878, *c.* 66, § 82,) provides that "the time within which an act is to be done, shall be computed by excluding the first day, and including the last. If the last day is Sunday, it shall be excluded." If this is applicable to the present case, this sale was in time, for, by excluding May 19, 1862, and also

May 19, 1872, (which was Sunday,) the 10 years would include May 20th, the day on which the sale took place. Plaintiff contends that this provision is only applicable to matters of practice in the courts, and does not control the construction of statutes fixing time. But we discover no warrant for the suggestion that the legislature intended the rule to apply only to matters of practice. It is found in the same chapter which contains sections 254 and 262, and also the limitations of time within which actions must be brought; and we think it was intended to establish a uniform rule for the computation of time applicable at least to all cases arising under that chapter. All our decisions have proceeded upon the theory that the rule was applicable, whether the question arises in matters of practice, or the construction of statutes. We have applied it in the construction of statutes other than chapter 66. *Coe* v. *Caledonia, etc., Ry. Co.,* 27 Minn. 197, (6 N. W. Rep. 621;) *Frankoviz* v. *Smith,* 34 Minn. 403, (26 N. W. Rep. 225.) An examination of the authorities cited under the head of "Computation of Time" in any work on statutes of limitation, will show how much uncertainty and conflict there was as to whether the day on which a cause of action accrues, or the day on which the act was done or the event occurred, from which time is to be computed, should be excluded or included. In *Lester* v. *Garland,* 15 Ves. 248, all the existing authorities were examined, and the conclusion arrived at was that there was no settled rule, but that the day of the event in a given case must be excluded or included as may be most conducive to the beneficial operation of the act. And in *Pugh* v. *Duke of Leeds,* Cowp. 714, Lord Mansfield, after exhaustively considering all the authorities upon the subject, characterized them as "so many contradictions backwards and forwards." Inasmuch as the certainty of a rule is of more importance than the reason of it, we think the legislature intended by section 68 to put an end to all this confusion and uncertainty by adopting a uniform rule for the computation of time alike applicable to matters of mere practice and to the construction of statutes.

It is also contended that the sale was void because not made before the return-day of the execution. This point is fully disposed of by the case of *Barrett* v. *McKenzie,* 24 Minn. 20. The sheriff's re-

turn shows that he levied on the premises on the 15th day of November, 1871, presumably in the manner provided by Gen. St. 1866, c. 66, § 270, (Gen. St. 1878, c. 66, § 301.) Whether, in view of our decisions in *Bidwell* v. *Coleman*, 11 Minn. 45, (78,) and *Lockwood* v. *Bigelow*, 11 Minn. 70, (113,) it would have made any difference had the sheriff omitted to make a formal levy before the return-day of the execution, it is not necessary to decide. It is at least certain that, having commenced the execution of the writ by a levy before the return-day, he could complete it by a sale after such day.

In the certificate of sale, the sheriff states that he levied on and sold the premises as the property of Spencer, the judgment debtor, but in the return on the execution they are referred to as "the property of Catharine Ely." This is evidently a clerical mistake in the return, but it cannot affect the validity of the sale or the title of the purchaser. As to the purchaser, the highest evidence of what was done under the execution is the certificate of sale executed to him, and he cannot be prejudiced by the fact that the sheriff thereafter made an erroneous return or no return at all. *Millis* v. *Lombard*, 32 Minn. 259, (20 N. W. Rep. 187.)

Upon the trial, the defendant did not introduce in evidence the judgment upon which the sale was made, relying evidently upon the assumption that under Gen. St. 1878, c. 66, § 321, the recitals or statements in the certificate of sale were *prima facie* evidence of the judgment. In his brief, counsel merely suggests a doubt whether the recitals in the certificate are any evidence of the judgment. There is nothing, however, to indicate that he relied on or intended to make the point, and we must therefore decline to consider it. It is the duty of an appellant to explicitly urge the points on which he intends to rely in support of his appeal.

Order affirmed.