ARCHIBALD JOHNSON vs. D. H. MERRITT.

Submitted on briefs June 23, 1892. Decided June 27, 1892.

**Computation of Time.**

> *Spencer* v. *Haug*, 45 Minn. 231, followed to the effect that 1878 G. S. ch. 66, § 82, establishes a general rule for computing time, not only in matters of practice, but in the construction of statutes.

Appeal by plaintiff, Archibald Johnson, from an order of the District Court of Itasca County, *Holland*, J., made February 25, 1892, sustaining defendant's demurrer to the complaint.

Under Laws 1889, ch. 22, the commissioner of the state land office issued to Leonidas Merritt, March 29, 1890, a mineral lease for one year, of the southeast quarter of section thirty-six, T. 57, R. 23, in said county. He assigned the lease to defendant D. H. Merritt. A written application was filed by plaintiff on Monday, March 30, 1891, for a lease of the same land, and he that day paid $25 to the state treasurer. At a later hour of the same day, defendant applied for a contract, pursuant to the third and fourth sections of the act, and

the commissioner granted it to him, claiming that the year in which defendant had the right to it, had not expired; September 29, 1891, being Sunday.

Plaintiff brought this action to establish his right and to compel defendant to assign the contract to plaintiff. To his complaint defendant demurred, and the demurrer being sustained, he appealed to this court.

*W. S. McClenahan, W. H. Mantor* and *J. W. Pinch,* for appellant.

1878 G. S. ch. 23, § 10, applies to contracts as well as to commercial paper, and establishes the rule for this state that the last day in which to take out the contract was Saturday, September 28, 1891.

1878 G. S. ch. 66, § 82, applies to questions of practice in the courts. That chapter relates to civil actions only.

At common law, when the last day for the exercise of an option or privilege or a right given by statute fell upon Sunday, that right or privilege was required to be exercised on or before the preceding day, or it was gone forever. In this respect, the doctrine at common law in reference to a right arising under a statute, differed from such a right arising under a contract, it being the common law that an act required to be done under a contract could be performed on the following day, if the last day fell on Sunday. *Cooley* v. *Cook,* 125 Mass. 406; *Haley* v. *Young,* 134 Mass. 364; *Alderman* v. *Phelps,* 15 Mass. 225; *Drake* v. *Andrews,* 2 Mich. 203; *Harrison* v. *Sager,* 27 Mich. 476; *Dale* v. *Lavigne,* 31 Mich. 149; *Ex parte Dodge,* 7 Cow. 147; *People* v. *Luther,* 1 Wend. 42; *Bates* v. *Loomis,* 5 Wend. 134; *State* v. *Green,* 66 Mo. 631.

We respectfully submit that in the case of *Spencer* v. *Haug,* 45 Minn. 231, this rule was confounded with that established by 1878 G. S. ch. 66, § 82. The statutes of New York, Massachusetts and Michigan have similar provisions to our own, but the courts of those states have always held that they were not intended to apply to anything but civil actions and proceedings.

*Barr & Catlin*, for respondent.

This court in the case of *Spencer* v. *Haug*, 45 Minn. 231, has decided that 1878 G. S. ch. 66, § 82, shall apply to the construction of statutes as well as to matters of practice, and has adopted a uniform rule in this state for the computation of time, even though other states have adopted a different rule; some of which are cited in appellant's brief.

GILFILLAN, C. J. This case comes within the decision in *Spencer* v. *Haug*, 45 Minn. 231, (47 N. W. Rep. 794.) The defendant's right to a contract from the state depended not on any terms in the prior lease, but on the terms of the statute, (Laws 1889, ch. 22.) The decision in the case referred to was that the rule for computation of time in 1878 G. S. ch. 66, § 82, is intended to be a general rule, not only in matters of practice, but in the construction of statutes. By that rule, where the last day on which any act is to be done falls on Sunday, that day is excluded in the computation, and the act may be done on the following day. That was so in this case.

Order affirmed.

(Opinion published 52 N. W. Rep. 863.)