Ed S. Miner, Appellant, v. Nathaniel M. Tilley, *et al.*, Respondents.

### Kansas City Court of Appeals, November 6, 1893.

1. **Construction:** COMPUTING TIME: SUNDAY: The general rule is that in computing time within which an act is to be done, the last day, if Sunday, will not be considered; but the rule is otherwise in commercial law.

2. **Mechanics' Liens:** TIME OF COMMENCING SUIT: SUNDAY. An action to enforce a mechanics' lien commenced not within ninety days, but within ninety-one days after the filing of the lien, is commenced too late, though the ninetieth day was Sunday. Following *Patrick v. Faulk*, 45 Mo. 312, against the general and apparently better rule.

*Appeal from the Harrison Circuit Court.*—Hon. Paris C. Stepp, Judge.

Affirmed.

*D. J. Heaston*, for appellant.

The defendants claimed that the petition was not filed in time and, therefore, the action could not be maintained. The mechanics' lien was filed in the circuit clerk's office, May 9, 1892, and the petition was filed August 8, 1892—91 days. R. S. 1889, sec. 6720: "All actions under this article shall be commenced within ninety days after filing the lien." By reference to the almanac it will be seen that August 7, 1892, was Sunday; hence, under the provisions of the statute, sec. 6570, 4th clause: "The time within which an act is to be done shall be computed by excluding the first day and including the last, if the last day be Sunday it shall be excluded." Hence, this petition was filed in time. *Hodson v. Banking House*, 9 Mo. App. 24; *Beaudeau v. The City, etc.*, 71 Mo. 392; *Reynolds v. Railroad,*

64 Mo. 70; *In re Woolridge*, 30 Mo. App. 612; *State ex rel v. Tucker*, 32 Mo. App. 620; *White v. Hayworth*, 21 Mo. App. 439; *Lewis v. Schwen*, 15 Mo. App. 342; *Spencer v. Haug* (Minn.), 47 N. W. 794 and 45 Minn. 231; *Johnson v. Merrett*, 52 N. W. 863; *Frankovitz v. Ireland*, 34 Minn. 403, and 26 N. W. 225; *Carothers v. Wheeler*, 1 Oregon, 194; *John V. Farwell Co. v. Mathies* (C. C. D. Minn.), 48 Fed. Rep. 363; *Backer v. Pyne* (Ind.), 30 N. E. 21; *Porter v. Pierce* (N. Y. App.), 24 N. E. 281; *Hicks v. Nelson* (Kan.), 25 Pac. 565; *Street v. U. S.* 133, U. S. 299; 10 Sup. Ct. R. 309; 1 R. S. 1889, sec. 737.

*A. F. Woodruff*, for respondent.

SMITH, P. J.—The statute, section 6720, requires that all actions under Article 1, Chapter 102, shall be commenced within ninety days after the filing of the lien.

This was a suit on a mechanics' lien, and was not commenced within ninety days, but within ninety-one days after the filing of the lien. The ninetieth day after the filing of the lien was Sunday, so the suit was not commenced on that but on the next day, which was one day beyond the statutory period of ninety days in which the suit was required to be commenced. The trial court, on the motion of the defendants, for this reason dismissed the suit.

It is contended by the plaintiff that the ruling of the court was erroneous, because the statute itself expressly provides that the time within which an act is to be done shall be computed by excluding the first day and including the last; if the last day be Sunday it shall be excluded. Sec. 6570.

In computing the time within which an act is to be done, the last day, if Sunday, shall not be considered.

It being *non dies*—no day at all at law—it does not enter into the computation, so that to give the party the. benefit of the entire statutory period to which he is entitled, he necessarily must have the whole of the next succeeding day in which to perform the act required. And this view is sustained by many adjudicated cases in this and other states. *Hodson v. Banking · House*, 9 Mo. App. 24; *Beaudeau v. The City, etc.*, 71 Mo. 392; *Reynolds v. Railroad*, 64 Mo. 70; *In re Woolridge*, 30 Mo. App. 612; *State ex rel. v. Tucker*, 32 Mo. App. 620; *White v. Hayworth*, 21 Mo. App. 439; *Lewis v. Schwen*, 15 Mo. App. 342; *Spencer v. Haug* (Minn.), 47 N. W. 794, and 45 Minn. 231; *Johnson v. Merett*, 52 N. W. 863; *Frankovitz v. Ireland*, 34 Minn. 403, and 26 N. W. 225; *Carothers v. Wheeler*, 1 Oregon, 194; *Farwell & Co. v. Mathies* (C. C. D. Minn.), 48 Fed. Rep. 363; *Hacker v. Pyne* (Ind.), 30 N. E. 21; *Porter v. Pierce* (N. Y. App.), 24 N. E. 281; *Hicks v. Nelson* (Kan.), 25 Pac. 565; *Street v. U. S.*, 133 U. S. 299; 10 Sup. Ct. R. 309; 1 R. S. 1889, sec. 737.

The rule is otherwise in commercial law. The statute in relation to bills of exchange and negotiable promissory notes, section 737, provides as regards the presenting for payment or acceptance and of presenting and giving notice of the dishonor of bills of exchange, bonds, promissory notes or other mercantile paper, such holidays shall be treated and considered the same as the first day of the week, commonly called Sunday, and all bills of exchange, bonds, promissory notes or other mercantile paper falling due on any such holiday or Sunday shall be considered as falling due on the next succeeding day, unless such succeeding day be a holiday or Sunday; in such case it shall be considered as falling due the day previous. This statute engrafts an exception on the general rule declared in section 6570, *supra*. It would follow from this as an inevitable corol-

lary that the plaintiff's suit was commenced in time, as it is not taken out of the operation of the general statutory rule by the exception in relation to mercantile paper.

But the supreme court, in *Patrick v. Faulk*, 45 Mo. 312, which is a case quite analagous to this, strangely enough it seems to us, has construed the statutory rule declared in said section 6570 to be restrictive in its effect, so that the first and the last day, when Sunday, must be excluded. According to the ruling there made, the plaintiff's suit was not begun within the statutory time. The correctness of the reasoning and conclusion reached by the learned court in the case may well be questioned. In the light of the authorities already cited, it seems to us that the meaning of the general rule of the statute has been perverted and misconstrued, and that relating to the presenting and giving of notice of the dishonor of merchantile paper misapplied. The latter rule can have no sort of application to the filing of mechanics' liens or the commencement of suits thereon. But since it has been decided to the contrary by the supreme court in the case just cited, it is our bounden duty, under the constitution of the state, to yield our convictions and follow the last rulings of that court wheresoever it may lead.

As the ruling that we are obliged to make on the only question in the case so far presented, is decisive, we need not notice the other questions discussed in the briefs of counsel. It follows that the judgment must be affirmed. All concur.