Gurske v. Britt.

---

EDWARD GURSKE, APPELLANT, v. CHARLES W. BRITT, APPELLEE.

FILED MARCH 10, 1910.   No. 15,917.

1. Justice of the Peace: JUDGMENT BY DEFAULT: JURISDICTION. Where a summons returnable June 8, 1903, at 9 o'clock A. M., was issued by a justice of the peace and served on defendant June 5, 1903, the justice, in absence of an appearance by defendant, had jurisdiction to enter a judgment against him by default June 8, 1903, at 10 o'clock A. M. *White v. German Ins. Co.*, 15 Neb. 660.

2. Judgment: VACATION: EQUITABLE RELIEF. In a suit in equity to cancel a judgment on the ground that it was rendered against the defendant in a suit before a justice of the peace who deprived him of his defense by stating that he could go where he pleased, that it would be foolish to employ counsel, and that plaintiff therein had no case, denial of equitable relief *held* proper, where it was shown that such defendant deliberately permitted a default after having stated to the justice and the constable that he had no property and did not care whether plaintiff took judgment or not.

3. ——: ——: INSANITY: EVIDENCE. A judgment against defendant in an action at law will not be set aside in a suit in equity on the ground that he was *non compos mentis*, where the evidence fails to disclose that fact.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*John M. Macfarland,* for appellant.

*Charles W. Britt* and *M. O. Cunningham,* contra.

ROSE, J.

This is a suit in equity to cancel a judgment in favor of Charles W. Britt for attorney's fees amounting to $180 and against Edward Gurske, his client. The judgment was rendered in Douglas county, June 8, 1903, by William Alstadt, a justice of the peace. The district court after a trial dismissed plaintiff's petition to cancel the judgment, and he appeals to this court.

Under issues properly raised by the pleadings plaintiff urges three reasons for canceling the judgment in controversy. They are as follows: (1) The justice of the peace had no jurisdiction. (2) By fraud the justice of the peace prevented plaintiff herein from making the defense of full payment of Britt's claim. (3) Plaintiff herein was *non compos mentis* when the judgment was rendered.

1. Want of jurisdiction as a ground of relief is based on the assertion that the summons was not served on plaintiff herein three days before the time set for his appearance, within the meaning of section 911 of the code, which declares: "The summons must be returnable not more than twelve days from its date, and must, unless accompanied with an order to arrest, be served at least three days before the time of appearance." June 5, 1903, the justice issued a summons returnable June 8, 1903, at 9 o'clock A. M., and there was personal service on Gurske June 5, 1903. The record of the justice recites that the case was called June 8, 1903, at 10 o'clock A. M.; that Gurske did not appear at the hour named in the summons nor for an hour thereafter, but made default; that Britt was sworn and examined, and that judgment in his favor followed. It is argued by plaintiff that he only had one full day and fractions of two days to make his appearance, and that, since the law does not recognize fractions of days, he was deprived of three days' notice. To sustain this position plaintiff cites *Dale v. Doddridge,* 9 Neb. 138. The notice in that case was dated and served September

4, 1878. It required a tenant to remove from the premises occupied by him *within three days after its service,* and the court held he was entitled to comply within three days *after* September 4, or any time during the fifth, sixth and seventh. The opinion was written by Chief Justice MAXWELL. That it does not control a case like the present one is shown by a later opinion in which the same jurist announced the following rule: "In cases where a justice of the peace has cognizance, a summons served three days including the day of service, before the time set for trial, is sufficient to give the justice jurisdiction." *White v. German Ins. Co.,* 15 Neb. 660. This rule was followed in *Messick v. Wigent,* 37 Neb. 692. The justice of the peace, therefore, had jurisdiction.

2. The substance of plaintiff's testimony in support of the averment that he was prevented by fraud of the justice of the peace from making the defense of payment is as follows: About 9:30 A. M., June 8, 1903, the return day of the summons, plaintiff had a conversation with the justice in the latter's office. He told the justice he did not owe Britt a cent. The justice told him there was nothing to the case, or that there was no case, that he could go wherever he pleased, that it was foolish to employ a lawyer, and that it was no use to spend money for that purpose. Plaintiff afterward went home and paid no more attention to the case. He relied on the statement of the justice, and except for it would have employed counsel and made a defense. This is the sum of the testimony of plaintiff on the issue as to fraud. There is no evidence that he stated under oath he did not owe Britt a cent, or that his presence at the hour mentioned was for the purpose of making a defense. The justice had jurisdiction. In the performance of his official duties, when he was bound by his oath of office, Britt was sworn and examined, and judgment was entered against Gurske for $180. The judgment is record evidence that plaintiff had a case. It contradicts officially what purports to be an unofficial statement of the justice that Britt

had no case.  Proof that the justice without a hearing prejudged the case in favor of Gurske and so stated to him is at variance with the presumption that the officer performed his duty.  In addition, the constable who served the summons testified that when he handed it to Gurske the latter said he did not own anything, that he had turned all his property over to somebody else, and he "did not care whether they took a judgment or not."  The justice was also examined as a witness and testified to having had a conversation with Gurske about the case.  When asked to state what the conversation was, the justice answered: "He told me that he settled, and that he did not owe him a cent; he paid him; and he did say: 'I don't care if he gets a judgment.  I got nothing and he couldn't take anything from me.'"  The proof justifies a finding that Gurske deliberately permitted a default.  This finding is in harmony with a recital in the justice's record that Gurske made default.  Under such proofs, relief in equity on the ground of fraud was properly denied.

3. Plaintiff's averment that he was *non compos mentis* when judgment was rendered against him is refuted by his own testimony.  He stated under oath that except for the statement of the justice he would have consulted an attorney, would have appeared with an attorney, and would have defended.  This indicates mental capacity to protect himself by making a defense.  Besides, the testimony of the justice and constable contains convincing proof that plaintiff's mind was normal when the judgment was rendered.

No substantial reason for canceling the judgment of the justice of the peace having been urged, the dismissal of plaintiff's petition in equity will be

AFFIRMED.