The Consolidated Independent School District of Webster and Jefferson Townships et al., Appellees, v. P. H. Martin, as County Treasurer, Appellant.

SCHOOLS AND SCHOOL DISTRICTS: Election—Notice—Computing Time. The general rule for computing time is to exclude the first day and include the last. (Sec. 48, Par. 23, Code.) Therefore, notice of a school election under Sec. 2746, Code, posted on March 18th for an election on March 28th, was sufficient, said statute requiring posting "for not less than ten days preceding the day of the meeting."

SCHOOLS AND SCHOOL DISTRICTS: Consolidation—Petition— Sufficiency. If a petition for a consolidated school district requires the signed approval of the county superintendent to be affixed *after* being signed by the electors, such approval was sufficient in instant case where the superintendent had affixed his approval both before and after signing by the electors. (Sec. 2794-a, Sup. Code, 1913.)

SCHOOLS AND SCHOOL DISTRICTS: Consolidation—Petition—Assumed Location of Schoolhouse—Effect. A petition for a consolidated school district (Sec. 2794-a, Sup. Code, 1913) is not rendered defective because it called for a certain specified location of the schoolhouse. Such a clause is neither required nor prohibited.

SCHOOLS AND SCHOOL DISTRICTS: Consolidation—Election— Separate Vote in Villages. A village ordinarily is a collection or group of houses. A 60 and an 80-acre platted tract on which were located three and five widely separated houses, respectively, and a small store and a blacksmith shop, located at the junction of a public highway with an interurban railway, do not constitute "villages" within the meaning of Sec. 2794-a, Sup. Code, 1913, requiring separate voting in "villages" on the question of establishing a consolidated school district, nor within the meaning of Sec. 638 of the Code, providing that "town sites platted and unincorporated shall be known as villages."

SCHOOLS AND SCHOOL DISTRICTS: Consolidation—Size of Remaining Corporation—Prohibition. In the formation of a con-

solidated independent school district, territory must not be so subtracted from a school corporation as to leave the corporation with less than four suitable, contiguous government sections (Sec. 2794-a, Sup. Code, 1913); yet this applies to the size of the corporation, not to the size of a part of the corporation,—for instance, not to the size of a subdistrict of a school district township.

*Appeal from Polk District Court.*—HON. W. S. AYRES, Judge.

THURSDAY, MAY 13, 1915.

ACTION of mandamus brought to compel the defendant as county treasurer to pay over to the treasurer of the plaintiff corporation the amount of certain taxes collected by the defendant on behalf of the plaintiff. The defendant challenges the legality of the organization of the plaintiff corporation. No other defense is presented. The trial court awarded decree and order as prayed by the plaintiffs and the defendant has appealed.—*Affirmed.*

*Guy A. Miller,* for appellant.

*Stipp, Perry & Starzinger,* for appellees.

EVANS, J.—The plaintiff corporation purports to be a consolidated independent school district organized about one year ago under the provisions of Sec. 2794-a of the Code. The defendant's challenge of illegality in the organization is based upon four specifications which we will consider in order.

I. It is first claimed that the notice of election, wherein the consolidated district was voted, was insufficient and therefore illegal, in that such notice of election was not posted "for not less than ten days *next preceding* the day of the meeting." The notices were posted on March 18th. The election was called to meet on March 28th and was held on such date. It is urged that this was only nine days "next preceding the day of the meeting." Our statute provides that in computing time the first day shall be excluded and the last day included. Code Sec. 48, sub-section 23. Under this rule, the notice given should be deemed a ten days' notice.

1. SCHOOLS AND SCHOOL DIS-TRICTS : election : notice : computing time.

It is urged, however, that the statute under consideration (Sec. 2746) required that the ten days' notice be given "preceding" the day of the meeting. Of course, all notice must *precede* the event; otherwise it is not notice at all. The emphasis of the statute at this point is not upon the word "preceding" but upon the words "next preceding." In other words, the period of notice must extend up to the day of the meeting. Compliance with this provision serves to bring the meeting to the attention of the voter at the very time that he is called upon to vote. For instance, a posting of notices for a period of ten days some months previous to the date of the election would not be a compliance with this requirement. We are clear that the computation of time at this point is governed by Code Sec. 48, as above stated. To the same effect, see the following cases: *Bonney v. Cocke,* (1883) 61 Iowa 303; *Church v. Lacy & Co.,* (1897) 102 Iowa 235; *Hannah v. Green,* (1904) 143 Cal. 19, 76 Pac. 708; *Cosgriff v. Election Commissioners,* (1907) 151 Cal. 407, 91 Pac. 98; *Stroud v. Consumers' Water Co.,* (1894) 56 N. J. L. 422, 28 Atl. 578; *Omaha Water Co. v. Schamel,* (1906) 147 Fed. 502, 78 C. C. A. 68; *McGinn v. State,* (1895) 46 Neb. 427, 65 N. W. 46, 50 Am. St. 617, 30 L. R. A. 450; *White v. German Ins. Co.,* (1884) 15 Neb. 660, 20 N. W. 30; *State ex rel. Lewis v. Eggleston,* 34 Kans. 714, 10 Pac. 3; *Coe v. Caledonia & M. R. Co.,* 27 Minn. 197, 6 N. W. 621; *Brady v. Moulton,* 61 Minn. 185, 63 N. W. 489; *King v. State,* 33 Tex. Crim. Rep. 547, 28 S. W. 201; *Winston v. State,* 32 Tex. Crim. Rep. 59, 22 S. W. 138; *State ex rel. Weber v. Tucker,* 32 Mo. App. 620; *Leonard v. Saline Ct.,* 32 Mo. App. 633.

The defendant relies on *Robinson v. Foster,* 12 Iowa 186, as holding a different rule. The case, however, is not applicable. It relates to the time of service of an original notice. The method of computing the time of service of an original notice is governed by Code Sec. 3517 and requires the exclusion of both the first and the last day in such computation. The cases, therefore, which relate to original notices are without application to the case at bar.

II. It is urged by defendant that the petition upon which the consolidation was effected was defective and therefore void. This contention is based upon two specifications: (1)

2. SCHOOLS AND SCHOOL DISTRICTS: consolidation: petition: sufficiency.

That the petition was signed and approved by the county superintendent *before* it was signed by the voters; and (2) because such petition recited a condition which was intended as an inducement to the voter and which was beyond the contemplation of the statute and was not permitted by the statute.

As to the first specification, it is the contention that the petition should have been approved and signed by the county superintendent after it was signed by the voters and not before. It is enough to say here that such petition was approved and signed by the county superintendent both before and after it was signed by the petitioners. This was a clear compliance with the statute.

The second specification relates to a proviso in the petition which called for the location of the proposed schoolhouse at or near Johnston Station. This location appears to have

3. SCHOOLS AND SCHOOL DISTRICTS: consolidation: petition: assumed location of schoolhouse: effect.

been deemed by the petitioners as the most suitable location for the convenience of the inhabitants of the district. Its inclusion in the petition was not required by the statute. Nor do we find any provision of the statute which was in any way violated by its inclusion in such petition. Whether it could have any binding effect upon the district is a question which is not involved.

III. It is next urged that the consolidated district as proposed and voted included several villages and that no provision was made for separate voting in such villages. The ter-

4. SCHOOLS AND SCHOOL DISTRICTS: consolidation: election: separate vote in villages.

ritory involved is rural territory adjacent to the city of Des Moines. It is penetrated by an interurban railway running from Des Moines to Perry. It does not appear that there is any group or collection of houses within said territory. Within the ordinary definition, there-

fore, there was no village involved. It does appear that some owners of farms had platted considerable tracts of land into acre lots with a view, doubtless, of selling the same in the future to prospective inhabitants. Reliance at this point is had upon Sec. 638 of the Code, which contains the following:

"Town sites platted and unincorporated shall be known as villages."

One of the tracts thus subdivided was known as "Johnston's Acres" and included sixty acres. Upon this sixty-acre tract three houses stood, widely separated. Another tract of eighty acres thus subdivided was known as "Johnston's Acres No. 2." Upon this tract there were five houses, widely separated. Johnston Station consisted of an intersection of the interurban railway with the highway and was a stopping place for the interurban trains for the purpose of unloading and receiving passengers. Near by was a blacksmith's shop and a little store. It does not appear that there were any residences. It is perhaps enough to say that these localities were not "town sites." They were not platted as such by the owners nor held forth as such by anyone. We do not think they were "villages" within the contemplation of Sec. 2794-a.

IV. Lastly it is urged that by the formation of the new consolidated district certain subdistricts were reduced in their

5. SCHOOLS AND SCHOOL DIS-TRICTS : con-solidation : size of re-maining cor-poration : prohibition.

territory to less than four sections. That is to say, the new district included territory of a certain district township. Two of the subdistricts of such township were left with insufficient territory as alleged. The statute in question provides as follows:

"No school corporation from which territory is taken to form such a consolidated independent corporation shall, after the change, contain less than four government sections, which territory shall be contiguous and so situated as to form a suitable corporation."

A subdistrict of a school district township is not a "school corporation." The subdistricts in question, therefore, are not covered by the inhibition of the statute. The situation doubtless calls for a rearrangement of the remaining subdistricts, and this is within the power of the appropriate officials of the district township.

We reach the conclusion, therefore, that none of the specifications of illegality made by the defendant can be sustained. The order of the district court is therefore—*Affirmed.*

DEEMER, C. J., PRESTON and WEAVER, JJ., concur.