STATE EX REL. FRANK J. EFFERTZ, C. T. MILLER, AND JULIUS E. SCHMIDT v. WILLIAM SCHIMELPFENIG.[1]

June 8, 1934.

Nos. 30,130, 30,131, 30,132.

[1]Reported in 255 N. W. 258.

A. E. Haering, for relators.

John J. Fahey, for respondent.

Harry H. Peterson, Attorney General, David J. Erickson, Assistant Attorney General, Joseph M. Donahue, and Dwight N. Johnson filed a brief in support of the contention of relators.

JULIUS J. OLSON, Justice.

Original proceedings in this court upon the petitions of Frank J. Effertz and C. T. Miller to require respondent as county auditor of Carver county to show cause why an order should not be issued directing said auditor to place their names upon the official ballot for the office of county auditor at the primary election to be held on June 18, 1934. The remaining petitioner is Julius E. Schmidt, who seeks the same relief in respect of the office of county treasurer of Carver county.

On May 9, 1934, all these men appeared at the courthouse at Chaska, county seat of Carver county, prior to five o'clock in the afternoon, intending to file for the respective offices mentioned. Finding the auditor's office closed, they sought out and found respondent at his home. They informed him of what they desired to do but were told that they were too late, that the last day for filing was May 8. None of them presented to the auditor the statutory filing affidavit, nor was any tender made of the required filing fee.

On May 29, 1934, all of said petitioners appeared at the office of respondent and then presented admittedly appropriate filing affidavits and tendered the statutory filing fees. The affidavits and fees were rejected by respondent for the reason that the time within which to make such had expired.

Respondent claims that 1 Mason Minn. St. 1927, § 297, as amended by L. 1933, c. 172, prevents him from accepting petitioners' proffered filings and fees. As amended, § 297 reads as follows, the portion added by the amendment appearing in italics:

"At least forty days before the primary election any party eligible and desirous of having his name placed upon the primary ballot as a candidate for chief justice or associate justice of the supreme court, judge of the district court, state or congressional office or member of the state legislature, *or county office,* shall file his affidavit with the secretary of state when to be voted for in more than one county, and with the county auditor when in a single county, * * * provided, that all candidates for offices not enumerated above in this section shall file their affidavit as herein provided, not less than *forty* days before said primary election." (Prior to this amendment the word "forty" in the last line was "twenty.")

Apparently it was the legislative intent, as expressed in the amendment, to have the same time limit fixed for all offices. If legislation had stopped with this amendment the solution of the problem before us would be simple, as it is apparent that petitioners on May 9 had not tendered the affidavits and filing fees as required by statute and as construed by this court. State ex rel. O'Hearn v. Erickson, 152 Minn. 349, 188 N. W. 736.

In his brief the respondent "concedes that, if the last day for filing the affidavit and paying the fee was May 29, each relator properly filed or tendered his affidavit and his filing fee." It is his claim, however, that the section quoted above as amended by said c. 172 does not permit acceptance of the proposed filings.

In petitioners' behalf it is asserted that L. 1933, c. 244, by implication at least, repealed or so amended the prior enactment of the same legislative session as to require acceptance on the part of respondent of the filings attempted by petitioners. In that chapter, enacted by the legislature and approved by the governor subsequent to the passage of said c. 172, said § 297 is reënacted so as to read as it did before the enactment of c. 172, except that the words "in the ticket" are added at the end of line 18 on page 307, L. 1933, a matter unimportant here. Respondent calls attention to the fact that the attorney general has ruled that c. 244 does not purport to amend said c. 172 but by its terms amends only 1 Mason Minn. St. 1927, § 297, and consequently that "a later law which is merely a

58

reënactment of a former does not repeal an intermediate act which has qualified or limited the first one, but such intermediate act will be deemed to remain in force, and to qualify or modify the new act in the same manner as it did the first," citing Powell v. King, 78 Minn. 83, 80 N. W. 850, from which this quotation is taken.

If chapters 172 and 244 were not hopelessly inconsistent and repugnant to each other as to county officers, the rule stated would be sound. But a reading of the two chapters referred to does not permit the conclusion that the later enactment is only an amendment of 1 Mason Minn. St. 1927, § 297, and that L. 1933, c. 172, remains in effect. The provisions of the two acts concerning the essential element of time within which filings by candidates must be made are irreconcilable. Chapter 172 provides that filings must be made at least 40 days before the primary election, while c. 244 just as emphatically provides for 20 days. Both cannot stand.

As was said by this court in State ex rel. County of Stearns v. Klasen, 123 Minn. 382, 385, 143 N. W. 984, 985, 49 L.R.A.(N.S.) 597:

"Laws are presumed to have been passed with deliberation, and with full knowledge of existing ones on the same subject."

6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 8927, states the rule as follows:

"Where two inconsistent statutes are enacted at the same session of the legislature, the first must give way to the last as the latest expression of the lawmaking power."

To the same effect is 2 Mason Minn. St. 1927, § 10929, which specifically provides that a later enactment inconsistent with a prior act takes precedence. So also in Clark v. Baxter, 98 Minn. 256, 258, 108 N. W. 838, 839, this court had this to say:

"While repeals by implication are not favored, it is also true that even if the subsequent statute be not repugnant in all its provisions to a prior statute on the same subject, yet if the former was clearly intended to prescribe the only rule which should govern in the case provided for, it repeals the original act by implication."

See also State ex rel. Marr v. Luther, 56 Minn. 156, 57 N. W. 464; State ex rel. Village of Excelsior v. District Court, 107 Minn. 437,

120 N. W. 894; State ex rel. County of Pennington v. District Court, 113 Minn. 298, 129 N. W. 514.

■ Was the proffer of the filing affidavits and the tender of fees on May 29 timely; that is to say, at least 20 days before the next primary election? We conclude that it was. 2 Mason Minn. St. 1927, § 10933(21), provides as follows:

"In computing the time within which an act is required or permitted to be done, the first day shall be excluded and the last included, unless the last shall fall on Sunday or on a holiday, in which case the prescribed time shall be extended so as to include the first business day thereafter."

The particular question here involved has been before this court in numerous cases. We shall not attempt to cite all, but the following are illustrative of the rule: Worley v. Naylor, 6 Minn. 123 (192); Coe v. Caledonia & Mississippi Ry. Co. 27 Minn. 197, 6 N. W. 621; Johnson v. Merritt, 50 Minn. 303, 52 N. W. 863; Brady v. Moulton, 61 Minn. 185, 63 N. W. 489; Nebola v. Minnesota Iron Co. 102 Minn. 89, 112 N. W. 880, 12 Ann. Cas. 56; State ex rel. O'Hearn v. Erickson, 152 Minn. 349, 188 N. W. 736; Bank of Dassel v. March, 183 Minn. 127, 235 N. W. 914; Olson v. McGraw, 188 Minn. 307, 247 N. W. 8; Village of Excelsior v. M. & St. P. S. Ry. Co. 108 Minn. 407, 120 N. W. 526, 122 N. W. 486, 24 L.R.A.(N.S.) 1035, 133 A. S. R. 455, 17 Ann. Cas. 550.

It is therefore ordered that respondent forthwith accept the respective filing affidavits and filing fees of petitioners and that their names be placed upon the primary election ballot to be used at the June 18, 1934, primary election in the manner and form provided by law, or, in the event that there be only one other filing for nomination for such office, that he place the name of such petitioner upon the general election ballot for the general election to be held next November.

So ordered.