**STATE of Minnesota, Respondent,**

v.

**Thomas Christopher WRIGHT, Appellant.**

No. C4–98–179.

Court of Appeals of Minnesota.

Dec. 22, 1998.

Hubert H. Humphrey III, Attorney General, St. Paul, MN; and Michael O. Freeman, Hennepin County Attorney, Paul R. Scoggin, Assistant County Attorney, Minneapolis, MN (for respondent).

Randall D.B. Tigue, Randall Tigue Law Offices, Minneapolis, MN (for appellant).

Considered and decided by SHUMAKER, Presiding Judge, CRIPPEN, Judge, and KLAPHAKE, Judge.

## OPINION

CRIPPEN, Judge.

Appellant Thomas Wright, having been convicted of a five kilogram sale offense upon evidence of growing marijuana in his home, contends that the governing statute, Minn. Stat. § 152.023, subd. 1(5) (1996), violates Article 13, Section 7 of the Minnesota Constitution, which permits a farmer to sell or peddle his products "without obtaining a license." Judging that the statute is constitutional, we affirm the conviction.

## FACTS

On August 16, 1996, the Minneapolis Police Department executed a search warrant at appellant's north Minneapolis home. In the upstairs bedroom, police found 41 live marijuana plants, numerous drying plants, and numerous containers of marijuana buds. In the kitchen, police found a scale and a container of marijuana. In the basement, police found another container of marijuana and a loaded handgun. Police also found mail addressed to appellant, connecting appellant to the house. Altogether, police discovered more than five kilograms of marijuana.

Appellant brought his first motion to dismiss in January 1997, arguing, among other things, that the controlled substance statute under which he was charged violated Article 13, Section 7 of the Minnesota Constitution. The trial court orally denied appellant's motion later in January. In April appellant

renewed his motion to dismiss. The court denied appellant's motion in an August 1997 order. On stipulated facts, reserving his right to appeal on his constitutional argument, appellant later was convicted in bench-trial proceedings.

### ISSUE

Does Minn.Stat. § 152.023, subd. 1(5) offend Article 13, Section 7 of the Minnesota Constitution?

### ANALYSIS

■ The constitutionality of a statute presents a question of law, which we review de novo. *Estate of Jones by Blume v. Kvamme,* 529 N.W.2d 335, 337 (Minn.1995). We exercise the power to declare a statute unconstitutional with extreme caution and only when absolutely necessary. *In re Haggerty,* 448 N.W.2d 363, 364 (Minn.1989). "The party challenging a statute has the burden of demonstrating beyond a reasonable doubt a violation of some provision of the Minnesota Constitution." *Id.*

Article 13, Section 7 of the Minnesota Constitution states: "Any person may sell or peddle the products of the farm or garden occupied and cultivated by him without obtaining a license therefor."

■ Statutes enacted pursuant to the state's police power "must be reasonable and not arbitrary [and] must not invade the fundamental liberties of the citizen[s]." *State ex rel. Larson v. City of Minneapolis,* 190 Minn. 138, 139, 251 N.W. 121, 121 (1933). The Minnesota Supreme Court has previously upheld the constitutionality of Minnesota's marijuana laws as valid exercises of the state's police power. *See State v. Vail,* 274 N.W.2d 127, 134–36 (Minn.1979), in which the supreme court rejected defendant's equal protection challenge and held that the classification of marijuana as a Schedule I controlled substance was within the proper power of the state to provide for the health and welfare of its citizens.[1] We do not have the prerogative to disregard the supreme court's analysis of marijuana laws.

■ Because this state's marijuana laws are a reasonable, non-arbitrary exercise of police power, we must analyze only whether Article 13, Section 7 creates for the farmers or growers of this state a fundamental liberty to sell or peddle their products. The courts of this state have done little to interpret the reach of Article 13, Section 7. But where courts have looked at the provision, they have suggested that it confers upon farmers a privilege to sell their agricultural products. *See State ex rel. Mudeking v. Parr,* 109 Minn. 147, 152, 123 N.W. 408, 410 (1909) (holding that because of the provision, "farmers and gardeners are privileged to sell the products of the farms and gardens occupied by them"); *Minnesota Wheat Growers Co-op. Mktg. Ass'n v. Huggins,* 162 Minn. 471, 480, 203 N.W. 420, 424 (1925) (recognizing that "tillers of the soil stand in a peculiar position in reference to the marketing of their products"). Nothing suggests that this privilege, intended to help farmers bring their crops to market, creates for farmers a fundamental liberty to sell farm products. To the contrary, numerous reasonable restrictions, other exercises of the state's police powers, govern the manner in which a farmer's products may enter the market. *See, e.g.,* The Minnesota Food Law, Minn.Stat. ch. 31 (prohibiting the sale of unwholesome, misbranded or adulterated food). The right to sell or peddle farm products is not a fundamental liberty.

Having concluded that this case does not present the conflict of a fundamental liberty with the established police power prohibition of the sale of marijuana, we decline to engage in further discussion of the meaning of Article 13, Section 7. We do not reach such considerations as whether the provision covers any non-economic barriers to the selling or peddling of farm products or whether the provision's reference to farm products ex-

---

1. *See also State v. Vernon,* 283 N.W.2d 516 (Minn.1979) (upholding the constitutionality of cocaine laws in the face of equal protection, due process, and right to privacy challenges); *State v. Hanson,* 468 N.W.2d 77 (Minn.App.1991) (reject-ing equal protection, due process, invasion of privacy, and right to medical treatment challenges to the constitutionality of marijuana laws), *review denied* (Minn. June 3, 1991).

tends to the variety of hemp that produces intoxicating marijuana.[2]

## DECISION

Because we conclude that Minn.Stat. § 152.023, subd. 1(5) is a valid exercise of this state's police power notwithstanding Article 13, Section 7 of the Minnesota Constitution, we affirm appellant's conviction.

**Affirmed.**

2. Industrial hemp and intoxicating marijuana are two distinct varieties of the cannabis sativa plant. Both are currently illegal to grow in the United States, but there is a movement to legalize the growth of industrial hemp, and industrial hemp products can be legally imported into this country. *See* John Mintz, *Splendor in the Grass?*, Wash. Post, Jan. 5, 1997, at H1.