STATE of Minnesota, Respondent,

v.

Wade Ross WENDORF, Appellant.

No. A11–838.

Court of Appeals of Minnesota.

March 19, 2012.

Lori Swanson, Attorney General, St. Paul, MN; and Michael J. Scott, Prosecutor for the City of Anoka, Anoka, MN, for respondent.

Erick G. Kaardal, Mohrman & Kaardal, P.A., Minneapolis, MN, for appellant.

Considered and decided by KALITOWSKI, Presiding Judge; SCHELLHAS, Judge; and BJORKMAN, Judge.

## OPINION

KALITOWSKI, Judge.

On appeal from his conviction of failing to wear a seat belt in violation of Minn. Stat. § 169.686, subd. 1(a), appellant Wade Ross Wendorf argues that the manner in which the Revisor of Statutes published the statute deprived him of notice as to what conduct the statute proscribes in violation of due process.

## FACTS

On May 24, 2010, appellant's vehicle was stopped and he was cited for failing to wear a seat belt in violation of Minn.Stat. § 169.686, subd. 1(a). Appellant pleaded not guilty and submitted to a stipulated facts bench trial in which he admitted that he was driving without a seat belt and the state conceded that appellant was pulled over solely for failing to wear a seat belt. Appellant presented two arguments to the district court. First, he contended that the seat-belt law in effect at the time he was stopped prohibited law enforcement from stopping a motorist solely for a seat-belt violation. Second, he claimed that the seat-belt law, as published by the Revisor of Statutes, failed to provide notice to the public whether violation of the seat-belt law is an offense for which motorists may be cited absent another moving violation.

The district court rejected appellant's arguments and, based on appellant's stipulation that he was driving without a seat belt, found appellant guilty of violating section 169.686, subdivision 1(a).

## ISSUES

1. Did the version of Minn.Stat. § 169.686, subd. 1(b) (Supp.2009), in effect when appellant's vehicle was stopped permit the police officer to issue a citation solely for appellant's failure to wear a seat belt?

2. Does the revisor's note following Minn.Stat. § 169.686 (Supp.2009) deprive the public of notice as to what conduct section 169.686, subdivision 1(a), proscribes in violation of due process?

3. Was the traffic stop supported by a particularized and objective belief that appellant was engaged in illegal activity?

## ANALYSIS

### I.

In Minnesota, drivers and passengers "of a passenger vehicle, commercial motor vehicle, type III vehicle, and type III Head Start vehicle" must wear "a properly adjusted and fastened seat belt," Minn. Stat. § 169.686, subd. 1(a), and a person who violates the seat-belt requirement is subject to a fine. *Id.*, subd. 1(b). Until 2009, section 169.686 included language limiting when law enforcement could issue a seat-belt citation: "A peace officer may not issue a citation for a violation of this section unless the officer lawfully stopped or detained the driver of the motor vehicle for a moving violation other than a violation involving motor vehicle equipment." Minn.Stat. § 169.686, subd. 1(b) (2008). In other words, enforcement of the seat-belt law was conditioned on the officer having stopped a vehicle for a separate moving violation. *See State v. Fiebke*, 554 N.W.2d 755, 758 (Minn.App.1996) ("[T]he legislature specifically conditioned the seatbelt offense so a traffic stop could not be justified solely on the basis of failing to wear a seatbelt.").

But in 2009, the legislature removed the restrictive-citation language from section 169.686, thereby granting law enforcement the authority to issue a seat-belt citation independent of any other moving violation. 2009 Minn. Laws ch. 168, § 6, at 2270. This amendment was one of three amendments to the seat-belt law during the 2009 legislative session. The first, introduced as Senate File 99, amended the category of young children to whom the seat-belt requirement applied but retained the restrictive-citation language. 2009 Minn. Laws ch. 82, § 2, at 1023–24. The governor signed Senate File 99 on May 15, 2009, and the law became effective on July 1, 2009. *Id.*, at 1024. On May 21, 2009, the governor signed House File 108, which mooted Senate File 99 by deleting the sentence Senate File 99 amended, amended other provisions, and eliminated the restrictive-citation provision. 2009 Minn. Laws ch. 165, § 2, at 2243. House File 108 became effective on June 9, 2009. *Id.* The day after signing House File 108, the governor signed House File 878, which was identical to House File 108 except that it added language prohibiting a court from imposing more than one surcharge on a driver for multiple violations by the driver and passengers under age 15. 2009 Minn. Laws ch. 168, §§ 6, 14, at 2270, 2274. House File 878 also became effective on June 9, 2009, and contained a clause providing that House File 878 supersedes any inconsistent or conflicting provisions in House File 108. *Id.*

In the 2009 supplement to the 2008 Minnesota Statutes, published by the revisor, the language of section 169.686, subdivision 1, is consistent with the latest-

enacted amendment, House File 878, and therefore does not contain the restrictive-citation provision. *See* Minn.Stat. § 169.686, subd. 1(b). Below the statutory history, in small type, the revisor inserted a note calling attention to the earlier-enacted language in Senate File 99. The revisor's note read:

NOTE: Subdivision 1 was also amended by Laws 2009, chapter 82, section 2, to read as follows:

"Subdivision 1. **Seat belt requirement.** (a) A properly adjusted and fastened seat belt, including both the shoulder and lap belt when the vehicle is so equipped, shall be worn by:

(1) the driver of a passenger vehicle or commercial motor vehicle;

(2) a passenger riding in the front seat of a passenger vehicle or commercial motor vehicle; and

(3) a passenger riding in any seat of a passenger vehicle who (i) is not required to be transported in a child passenger restraint system under section 169.685, subdivision 5, and (ii) is younger than 11 years of age.

(b) A person who is 15 years of age or older and who violates paragraph (a), clause (1) or (2), is subject to a fine of $25. The driver of the passenger vehicle or commercial motor vehicle in which the violation occurred is subject to a $25 fine for a violation of paragraph (a), clause (2) or (3), by a child of the driver under the age of 15 or any child under the age of 11. *A peace officer may not issue a citation for a violation of this section unless the officer lawfully stopped or detained the driver of the motor vehicle for a moving violation other than a violation involving motor vehicle equipment.* The Department of Public Safety shall not record a violation of this subdivision on a person's driving record."

Minn.Stat. § 169.686 revisor's note (emphasis added).[1]

In the district court, appellant argued that the version of section 169.686 in effect at the time appellant was stopped prohibited law enforcement from citing him solely for a seat-belt violation because the restrictive-citation language in the revisor's note following section 169.686 resurrected the requirement that a motorist be stopped for some other moving violation. In addition, appellant appeared to suggest that the revisor's note was the controlling statutory language because the amendment it reflected, Senate File 99, had the latest effective date among the three 2009 amendments. The district court rejected these arguments.

Because our resolution of appellant's arguments on appeal requires us to determine the state of the law on May 24, 2010, we first address whether section 169.686 contained the restrictive-citation provision on that date.

"When the provisions of two or more laws passed during the same session of the legislature are irreconcilable, the law latest in date of final enactment, irrespective of its effective date, shall prevail from the time it becomes effective, except as otherwise provided in section 645.30." Minn. Stat. § 645.26, subd. 3 (2010). "Final enactment" means "the date and time of day the governor signed the bill." Minn.Stat. § 645.01, subd. 2 (2010). Therefore, if Senate File 99 and House File 878 are irreconcilable, we look to see which amendment was last signed by the governor, not

---

1. This revisor's note also appears in the 2010 Minnesota Statutes. *See* Minn.Stat. § 169.686 revisor's note (2010). In 2011, the legislature eliminated any cause for confusion by repealing 2009 Minn. Laws ch. 82, § 2.2011 Minn. Laws ch. 76, art. 1 § 80, subd. 4, at 289.

to their respective effective dates, to determine which amendment controls.

■ Here, the earlier and later amendments are irreconcilable because Senate File 99 retained the restrictive-citation provision and House File 878 repealed it and also deleted the language Senate File 99 amended. *See State ex rel. Effertz v. Schimelpfenig*, 192 Minn. 55, 57–58, 255 N.W. 258, 259–60 (1934) (holding inconsistent an amendment to a statute governing a filing deadline and an amendment enacted later in the same legislative session purporting to amend the original, unamended version of the statute, thereby resurrecting the original statutory language). House File 878 was the latest of the three 2009 amendments to section 169.686 to be signed by the governor, so it prevails. *See id.* at 58, 255 N.W. at 260 (stating that "[l]aws are presumed to have been passed with deliberation, and with full knowledge of existing ones on the same subject" and concluding that the later-enacted amendment prevails).

■ The revisor's inclusion of the Senate File 99 language as a historical note to section 169.686 does not alter the state of the law. It is clear from its face that the revisor's note is not intended to express the current state of the law and is merely a historical version passed by the legislature before reaching the statute's final form, which is expressed in the main text above the note. Because the main text of the codified version accurately reflects House File 878, there is no conflict between the legislative intent and its codification.

■ Moreover, even if the revisor had erred in codifying the 2009 amendments, Minnesota law is clear that the revisor's codification decisions do not change the meaning of the law as enacted by the legislature. "The laws of Minnesota are

bills that have been enacted by the legislature and then signed by the governor, enacted after three days of gubernatorial inaction, or passed by a legislative override of the governor[']s veto." *Ledden v. State*, 686 N.W.2d 873, 876 (Minn.App.2004) (citing Minn. Const. art. IV, § 23). The revisor publishes "all general and permanent statutes in force … and any other information the revisor considers desirable and practicable" in Minnesota Statutes. Minn. Stat. § 3C.08, subd. 1 (2010). In compiling the statutes, the revisor may make a variety of technical changes to "ensure the accuracy and utility of the publication." Minn.Stat. § 3C.10, subd. 1(*o*) (2010). But the revisor "may not alter the sense, meaning, or effect of any legislative act." *Id.*, subd. 1 (2010). Thus, although Minnesota Statutes and the supplements to Minnesota Statutes are prima facie evidence of the statutes, Minn.Stat. § 3C.13 (2010), they are not the law. *Granville v. Minneapolis Pub. Sch. Special Sch. Dist. No. 1*, 732 N.W.2d 201, 208 (Minn.2007).

When the revisor's codified version of a statute conflicts with the law as enacted, a court must apply the law as the legislature intended. *Kuiawinski v. Palm Garden Bar*, 392 N.W.2d 899, 903 (Minn.App.1986) ("If the revisor has erred in codifying legislative enactments, it is the duty of the judiciary to give effect to the legislative intent and not to the letter of the law as codified because the revisor lacks the authority to make changes in the law."), *review denied* (Minn. Oct. 29, 1986). Because the legislature clearly expressed an intent to remove the restrictive-citation provision, section 169.686, subdivision 1, permitted law enforcement to cite motorists for failing to wear a seat belt independent of any other moving violation on the day of appellant's violation.

**II.**

■ Appellant contends that section 169.686, subdivision 1, as reported by the

revisor, violates due process because the standard of guilt it establishes is confusing and not "reasonably ascertainable." We disagree.

"The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *State v. Bussmann,* 741 N.W.2d 79, 83 (Minn.2007) (quotation omitted). "However, when a statute clearly applies to a person's conduct, that person may not successfully challenge the statute for vagueness." *State v. Grube,* 531 N.W.2d 484, 490 (Minn.1995) (citing *Parker v. Levy,* 417 U.S. 733, 756, 94 S.Ct. 2547, 2561–62, 41 L.Ed.2d 439 (1974)). The constitutionality of a statute is a question of law, which this court reviews de novo. *State v. Wright,* 588 N.W.2d 166, 168 (Minn.App.1998).

Appellant's void-for-vagueness challenge fails because the prohibition on driving without a seat belt is unambiguous and applies to appellant's conduct. Driving a motor vehicle without a seat belt is prohibited in both the codified version of section 169.686, subdivision 1, and in the earlier-enacted version of the seat-belt law included in the revisor's note to section 169.686. The relevant difference between the two provisions—whether a peace officer may stop a motorist solely on the basis of a seat-belt violation—has no bearing on whether a motorist may drive without a seat belt. Thus, an ordinary person could not have been confused about whether driving without a seat belt is prohibited.

In addition, the revisor's note to section 169.686 is not part of the statute, and therefore does not create confusion as to the state of the law. The note is placed after the statutory history, is set off by the bolded word "**NOTE:**," appears in smaller type than the main text, and indicates with a session-law citation that the quoted language was part of an earlier-enacted amendment to section 169.686. A reasonable person would understand that the note was inserted by the revisor, not the legislature, and that it is not intended to express the current state of the law. Therefore, we reject appellant's due-process argument.

## III.

Appellant argues for the first time on appeal that the revisor's note creates confusion about section 169.686, subdivision 1, and that this confusion precludes law enforcement from forming a particularized and objective belief that a person is engaged in criminal activity when the person violates the seat-belt law alone. This argument is not properly before us because we ordinarily do not decide issues raised for the first time on appeal, even constitutional questions regarding criminal procedure. *State v. Henderson,* 706 N.W.2d 758, 759 (Minn.2005).

Moreover, this argument is meritless because our analysis of a traffic stop's legality is objective. *See State v. George,* 557 N.W.2d 575, 578 (Minn.1997) (stating that a traffic stop "must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity" (quoting *United States v. Cortez,* 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981))). Subjective confusion as to the law is irrelevant when, as here, the officer's conduct conforms to what the law actually is. *See State v. Anderson,* 683 N.W.2d 818, 823 (Minn. 2004) (agreeing with the contention that the lawfulness of a stop "was not dependent on the officer's subjective belief, but rather on the correctness of the officer's conclusion that the defendant was violating the law").

## DECISION

Because appellant's failure to wear a seat belt provided a sufficient basis for a citation and the version of section 169.686, subdivision 1, published by the revisor does not violate appellant's due-process rights, we affirm his conviction.

**Affirmed.**