## TESTING THE VALIDITY OF A COUNTY LOCAL OPTION ELECTION.

Common Pleas Court of Perry County.

PERRY COUNTY, OHIO, · BY TOM O. CROSSEN, PROSECUTING ATTORNEY, ON BEHALF OF PERRY COUNTY, OHIO, v.
THOMAS J. TRACY.

Decided, December, 1908.

*Liquor Laws—Validity of Election Held Under the Rose Law—Duty of County to Defend Election—And Right of County to Prosecute Error—Calculation of Time for Holding Election—Section 4951 Applicable.*

1. The responsibility of defending in the probate court the validity of an election, held under the Rose county local option law (99 O. L., 35), rests upon the county in which the election was held, and it is the duty of the county to appear by its attorney for the single purpose of making a defense, and without regard as to whether the result of the election was for or against local option; but an elector may appear personally or by counsel at the same time and take part in the defense.
2. Where such a course becomes necessary the defense of the election may ·be continued by the county by the prosecution of error to the common pleas court under the provisions of Section 6708.
3. The provisions of the county local option act that an election shall be held "in not less" than twenty days from the presentation of the petition, does not create an exception to the provision of Section 4951, that the time within which an act shall be done is to be computed by excluding the first and including the last day.

*Thomas Crossen* and *W. B. Wheeler,* for plaintiff in error.
*Ferguson & Cochran* and *T. M. Potter,* contra.

WOOD, J.

The record shows that on October 2, 1908, an election was held in Perry county, Ohio, under the county local option act (99 Ohio Laws, page 35).

On the 10th day of October, 1908, the defendant in error contested the validity of the election by filing a petition with the probate court of that county, setting forth the grounds of contest as follows:

"For the reason that said petition was filed and also presented to said judge after two o'clock in the afternoon of September the 12th, 1908, and said order for said election was made on the evening of said day at or after the hour of seven o'clock, and twenty days did not expire until after the hour of two o'clock in the afternoon of said second day of October, A. D. 1908, the day upon which said election was ordered as aforesaid, and the day upon which it was held as aforesaid.

"For the reason that under said act said election should have been held not less than twenty nor more than thirty days from the filing and presentation of said petition to said common pleas judge, and said twenty days did not expire until after two o'clock in the afternoon of the day upon which said election was commenced, at five o'clock and thirty minutes in the forenoon.

"That said act is unconstitutional and void."

The probate judge issued a summons addressed to the county prosecutor, notifying him of the filing of the petition, and directing him to appear in said court on behalf of said county at the time named in the summons.

The prosecuting attorney, for said county, appeared and filed a demurrer to the petition on the ground that the facts stated were insufficient in law.

This demurrer was sustained as to the third ground of contest and overruled as to the first and second grounds of contest, to which ruling in overruling said demurrer the prosecuting attorney excepted.

Upon the evidence adduced, the court found that said election was illegal and void and adjudged the same be set aside and held for naught, to which the prosecuting attorney excepted.

A petition in error has been filed in this court by "Perry county, Ohio, by Tom O. Crossen, prosecuting attorney, on behalf of Perry county, Ohio, plaintiff in error," against "Thomas J. Tracy, defendant in error," to reverse the findings and judgment of the probate court.

To this petition the following motion has been interposed:

"Now comes the said Thomas J. Tracy, defendant in error, so named and characterized in the paper filed herein, and called a petition in error, for the purposes of this motion only, and for no other, and hereby specially limits his appearance to this motion and its purposes and moves the court here to dismiss said pretended petition in error for the following reasons, to-wit:

"First. That said alleged pretended plaintiff in error has not legal capacity to sue.

"Second. That said alleged pretended plaintiff in error has no legal capacity to commence or prosecute this alleged proceeding in error.

"Third. That said alleged pretended plaintiff in error was not a party to the proceeding in the probate court, and was incapable of being a party in that court, and is incapable of being made a party in this court."

The three grounds of this motion are so dependent upon each other, they will be considered together.

In *Summers* v. *Hamilton County*, 7 N. P., 542, and *Hunter* v. *Commissioners of Mercer County,* 10 O. S., 515, our courts have held that without statutory authority a county as such has no legal capacity to sue or be sued. These were civil actions and the law was correctly stated.

An election contest under the county local option act is not an *action* as recognized by the civil code, but a *special proceeding* (56 O. S., 407); and the question is: has the county in this special proceeding been authorized to defend the validity of its election?

Section 9 of the act reads:

"Any person being a qualified elector of the county wherein an election shall have been held as provided for in this act, may contest the validity of such election by filing a petition duly verified with the probate court of the county within ten days after the election, setting forth the grounds for contest.

"The probate judge upon. the filing of such petition shall forthwith issue a summons addressed to the county prosecutor notifying him of the filing of such petition and directing him to appear in said court on behalf of said county at the time named in the summons, which time shall not be more than twenty days after the election nor less than five days after the filing of such

petition. Any qualified elector in such county may in person or by attorney appear in such contested election case in defense of the validity of the election.''

If under this section the county can not defend, then only an elector can, and if he does not appear without notice, and make defense, then any election might be set aside upon the petition and evidence of the contestor alone, and a new election called every twenty days at the expense of the county.

I think the evident intent of the Legislature was to place a responsibility upon the county to defend the validity of its election, while permission is also given to any elector who might know of the contest to appear by himself or counsel, and take part in the defense. By necessary implication the county is authorized to appear by its attorney for the single purpose of defending the validity of its election, regardless as to whether the election was in favor or against county local option.

After being duly summoned the county prosecutor did appear and make defense and while the record does not disclose in words that he appeared on behalf of the county, yet under the provisions of the act the county's interest was the only interest he could defend in his official capacity. I conclude that he defended as an attorney for and on behalf of Perry county.

Having determined that the county was authorized to and did defend in this case in the probate court, the remaining question is: has the county a right to continue its defense by filing a petition in error in this court? This question is settled by Section 6708, Revised Statutes, which provides that a judgment rendered or a final order made by a probate court may be reversed, vacated or modified by the court of common pleas.

So I find that Perry county by its county prosecutor is authorized to file its petition in error in this case. Therefore, the motion of the defendant in error is overruled.

It is agreed by the parties that should the court overrule the motion it should next pass upon the general demurrer to the petition in error. A single question is raised by the demurrer: did the time required by law intervene between the order made by the common pleas judge and the day upon which the elec-

tion was held? If not, the election was void. That part of Section 1 of the act which relates to the time of holding an election reads as follows:

"That whenever thirty-five per cent. of the qualified electors of any county shall petition the commissioners or any common pleas judge of such county for the privilege to determine by ballot whether the sale of intoxicating liquors as a beverage shall be prohibited within the limits of such county, such commissioners or common pleas judge shall order a special election to be held in not less than twenty nor more than thirty days from the filing of such petition with the commissioners or common pleas judge or from the presentation of such petition to said commissioners or common pleas judge."

The petition was filed and presented to the common pleas judge on the 12th day of September, and the election was ordered and held on the 2d day of October, 1908.

The law does not regard fractions of a day, and it is immaterial whether the order was made in the first or last hour of the day of September 12th.

The contention of the defendant in error is that there must have been twenty full or *clear* days between the day of the order and the day of the election. That is, the day of the order and the day of the election must be excluded in the computation of twenty days, while plaintiff in error claims the day of election should be included in the computation.

The time within which an act is required by law to be done has always been a question for legal controversy, and the decisions of courts of last resort, both in this country and England, have been so various that no difference for what ruling parties may contend their positions can be supported by a respectable line of authorities. Ohio and a number of other states have undertaken to relieve this uncertainty by enacting a law in harmony with most of the modern decisions.

Section 4951, Revised Statutes, provides:

"Unless otherwise specifically provided, the time within which an act is required by law to be done, shall be computed by excluding the first day and including the last, and if the last day shall be Sunday, it shall be excluded."

If the time of twenty days from the day (September 12th) the election was ordered to the day of the election (October 2d) is computed by this rule, then the election was legally held.

But it is contended that by the wording of the act which provides that the election shall be held *in not less* than twenty days from the presentation of the petition the case is brought within the exception. That is, mode of computing time here is "otherwise specifically provided."

In commenting upon this statute our Supreme Court in a recent case, 77 O. S., 489, says:

"In our opinion this rule of the statute should be followed and applied in the interpretation and construction of all statutes save those where the language of the provision as to time itself *clearly* forbids it."

To take this case out of the ordinary rule, the court must find that the computation of time is "otherwise specifically provided" by the act itself, and that it *clearly* forbids that the rule of the statute should be followed.

If the act is *clear* and *specific,* it is a sad commentary upon the many eminent lawyers and judges who have so ably disagreed in their interpretation of similar statutes.

Were this a new question and two elections were ordered to be held, the one in ten days and the other in *not less than* ten days from the day of a certain act, my judgment would be that by the ordinary meaning of language one could be held just as soon as the other, and after an examination of many cases I feel sure the current of modern authority sustains this view.

In *Stebbins* v. *Anthony,* 5 Col., 348, the court says:

"The general current of modern authority is that where a statute requires an act to be performed a certain number of days prior to a day named or a definite period after a day specified, or where the time is to be computed either prior or subsequent to a day named, the usual rule is to exclude one day of the designated period and to include the other."

This is not direct authority where the time designated is "in not less than" so many days, but in the Am. & Eng. Ency.

of Law, Second Edition, Vol. 28, page 220, we find this in the text of the author:

"A much vexed question is whether the addition of the phrase 'at least' or 'not less than' demands clear or entire days. For if such should be the case, as is seen above, both the *termini* must be excluded. On principle it would seem that three days means the same as at least three days, and it is held in most jurisdictions in the United States that where the words 'at least' or 'not less than' is added the *terminus a quo* will be excluded and the *terminus ad quem* included, in accordance with the usual rule."

About forty cases are cited by the author in support of the text.

In a recent case of *Brady* v. *Matteen*, 61 Minn., 185, where an act provided that *not less than* ten days' notice of the special election should be given by publishing the same in a newspaper, *Held*:

"That in the computation of time the day of publication should be excluded and the day of election included."

The court is cited to the Lord Tenderdon's test, that is, reduce the time to one day and construe the statute as though it read that the election should not be held in less than one day from the presentation of the petition, from which it is argued the election could not be held on the following day, but the rule is not supported by later decisions of the courts of this country, unless it be the state of Kentucky. When the rule had force in England there was no uniform rule for the computing of time, and it was not computed as it is almost universally in this country today, that is, by excluding the first and including the last day.

Sutherland on Statutory Construction, Vol. 1, Sec. 185, gives the modern rule of computation:

"The rule is so generally recognized to exclude the first or *terminus a quo* and to include the last or *terminus ad quem*, that it requires no particular words for its application. The *terminus a quo*, so far as it is a description of a period of time, is coincident with the day of the act from which the computation is to be made. That day is indivisible. The period to be

computed is another and subsequent period, which began when the first period is completed. The last day of that period is an indivisible point of time. When that point is reached the period is complete.''

By this rule Lord Tenderdon's test would fail just as it would under the statute, and the election would be legal on the day following the presentation of the petition. It is the extreme case presented which gives an apparent absurdity to the rule, but it does not change nor affect its legality.

In my aim to reach a correct conclusion in this case, and one which would be sustained by the higher courts, which I have presumed would have an opportunity to review my judgment, I have been greatly aided by elaborate briefs from counsel upon either side, showing both thorough research and able discrimination in their presentation of cases.

I am of the opinion that the demurrer should also be overruled. An entry may be drawn in accord with the conclusions reached, saving all rights to the defendant in error to which he is entitled.