Matthews & Matthews, Dayton, for plaintiff in error.

John Bricker, Attorney General, Columbus, by Special Counsel, Hubert Estabrook, Dayton, for defendant in error.

## OAKWOOD (city) v FULTON

Ohio Appeals, 2nd Dist, Montgomery Co

No 1163. Decided April 19, 1933

BARNES, J.

Counsel for plaintiff in error in support of his contention that pro rated dividends be allowed upon the full amount of the claim as of the date that the Superintendent of Banks took charge without deductions cites the case of Myers v Bank, 173 U. S., 131. There is no question that this authority supports the contention of plaintiff in error, but is this the law in Ohio?

It is a well recognized principle that if the Supreme Court of Ohio has promulgated and announced a legal principle it is binding on all inferior courts in the State, even though it may be contrary to the rule announced in the U. S. Supreme Court. We have exactly that situation in the instant case. The Supreme Court of Ohio in the case of **State National Bank v Easterly, Receiver, 69 Oh St, page 24**, in the syllabus declares as follows:

"A creditor who holds collateral taken to secure his claim and upon which he has realized before a dividend is declared is entitled to a dividend on only so much of his debt as remains after deducting the proceeds of the collateral."

Counsel for defendant in error in a very exhaustive brief presents in chronological order the rulings of the Ohio Courts from 1894 up to the present time. With the exception of one case being Jelke v Stallo, 1 N.P., 29 (1894) the Ohio Courts have universally held against the present contention of plaintiff in error. Several of the cases called to our attention are as follows: Park Bros. & Co. v Miami Valley Boiler Co., Iddings 119 (1899); **In Re Assignment of George Spence, 7 O.N.P., 624** (1900); **In Re Liquidation of The People's Commercial and Savings Bank of London, Ohio, 30 O.N.P. (N.S.), 190** (1933); **Mutual Bank v Trust Company, 17 O.C.C. (N.S.), 306** (1911).

Counsel for plaintiff in error urge for a different rule because of the fact that the claim represents public property. Attention is called to §4295 GC, but we are unable to find wherein this section can be given any construction to aid the plaintiff. It is true that it is an expression of a legislative policy to endeavor to protect public funds but the very fact that the method described is through bond or other security very clearly indicates to our minds that the legislature recognized without such protection the funds would be subject to the same risk as other depositors.

It is our conclusion that the trial court was right in sustaining the demurrer and therefore the judgment of the court below will be sustained. Counsel may draft entry accordingly. Exceptions will be allowed to plaintiff in error.

HORNBECK, PJ, and KUNKLE, J, concur.