## WESTERN BANK & TRUST CO v RAGLAND, Assignee

Ohio Appeals, 1st Dist, Hamilton Co

No 4405.   Decided Dec 11, 1933

Peck, Shaffer & Williams, Cincinnati, for plaintiff in error.

Howard N. Ragland, Cincinnati, and William R. Collins, Cincinnati, for defendant in error.

## OPINION

By HAMILTON, PJ.

Under the issues made by the pleadings, it would seem that the proper procedure would have been for the trial court to order the allowance of the claims for the amount at the time unsatisfied and unpaid; the question of the amount of dividends to be considered when declared. This procedure is indicated in the case of **State National Bank v Esterly, Receiver, 69 Oh St, 24.** The latter part of the syllabus in that case is as follows:

"this sum (the unpaid debt) may be ascertained at the time the dividend is declared, although the claim had formerly been proven and allowed for ·the full amount."

The prayer of the amended petition is, that the Assignee be required to allow the claims.

The prayer of the amended answer is that the amended petition be dismissed.

It would therefore seem, as above stated, that the trial court should have decreed the allowance of the claim in full on the second cause of action as it did under the first cause of action. Any unpaid balance of the debt at the time of the declaration of dividends could then be ascertained with certainty.

In the argument and in the brief this point seems to have been waived, and we are asked to pass upon the rule of 'law relative to the consideration of collateral by the Assignee at the time of filing the claim, as affecting the allowance of the claim.

Our conclusions herein stated are to the effect that the Assignee may not take into consideration securities · in allowing just claims.

While. no authority has been suggested,

and we know of none providing for valuation of collateral for the purpose of allowance of a claim, undoubtedly valuation of collateral may be had when the dividend is declared. If the Bank holds the collateral unsold, the only way that the matter could be determined would be by a valuation of the unsold securities. In the Esterly case, supra, the question arose upon the distribution of dividends, the claim having been allowed for the full amount.

As above stated, the only relief sought in the amended petition is the allowance of the claims in full, the amount of which is undisputed. The amended answer prays that the amended petition be dismissed. We are of opinion that the trial court should have required the allowance of the claims in full, disregarding any collateral or other security; any collateral or other security to be ascertained at the time dividends are declared and credited at that time.

The statutes required plaintiff to bring suit within thirty days after the claim was rejected. At that time it is admitted the amount of the claim was just and unpaid. If the claim is just, due, and unpaid, what remains for the Assignee but to allow the claim as a just debt? This in nowise prevents the consideration of securities when dividends are declared. See Bank v Esterly, supra.

It was held in **Mannix, Assignee v Purcell et, 46 Oh St, 135:**

"No higher or better right or title to any of this property passed to the assignee than the assignor held. His creditors acquired no new rights or remedies in or against it by force of the assignment. The assignee simply represents them and their rights, which he has undertaken to enforce by plain processes appointed by statute. They do not, in any sense, stand to the assigned property in the relation of purchasers. The beneficiaries of the property which the assignee is now seeking to subject to the payment of the assigner's debts, are free to assert against the latter every right and claim which, before assignment, they could have asserted against the assignor."

This proposition of law is cited with approval in the Esterly case.

Under this proposition of law, the Bank might sue Swift on its claim. Swift resisting the claim might have set-off the value of the collateral securities against the claim. The Assignee at the time he declared dividends would have the right to set-off the value of. any securities held by the Bank, and would be in a position at that

time to know the amount received on the claim if the securities were sold, or the value thereof if unsold.

We do not see how the trial court or this court could make any binding decision as to the amount to be paid upon the claims from the assets of the estate until the matter has reached the point of distribution of dividends. When ready to pay, the Assignee could then ascertain with certainty the amount due on the claim, as reduced by the collateral securities.

Our conclusion is, that the order of the Court of Common Pleas should have been—to allow the claims, reduced by the credits received in money from the payment of dividends from stocks held as collateral security at the time of the filing of the claims. We are of opinion that the case of Bank v Esterly, supra, is sufficient authority for this conclusion. While in the Esterly case the only question before the court was the cash received from the sale of the collateral securities, the principle announced would cover the value of the securities as well as the cash amounts received from the sale.

The judgment of the Court of Common Pleas will be reversed, and since the amounts of the claims are not disputed, judgment may be entered in this court, ordering the Assignee to allow the claims, less dividends or payments received prior to the filing of the claims.

CUSHING and ROSS, JJ, concur.