## PEOPLES BANK, LIQUIDATION OF, In Re

Ohio Appeals, 9th Dist, Lorain Co

No 809.   Decided Nov 13, 1936

Stetson & Butler, Elyria, for appellant, the village of LaGrange, Ohio.

John W, Bricker, Attorney General, Columbus, and A. H. West, Special Counsel, Elyria, for appellee, S. H. Squire, Supt. of Banks, etc.

### OPINION

By STEVENS, J.

In a liquidation proceedings in Common Pleas Court, an application for authority to pay 10% as a second dividend in the liquidation of the Peoples Bank, unincorporated, of LaGrange, Ohio, was filed, and thereafter said application was approved by the court and payment ordered in the following terms:

"It is, therefore, ordered that S. H. Squire, superintendent of banks in charge of the liquidation of the Peoples Bank, LaGrange, Ohio, be and he hereby is authorized, ordered and directed to pay a second dividend in the amount of 10% to all general claimants whose claims have heretofore been filed and allowed and as appear in the lists of claims filed in the office of the clerk of courts of Lorain County, Ohio, and that said superintendent of banks through his special deputy superintendent give notice of the time and place of payment of same by mailing a postcard to the last known address of each claimant."

The village of LaGrange was a depositor in the Peoples Bank, and a part of the deposit of said village was secured by mortgages deposited by the bank with the village, which mortgages were the property of the Peoples Bank. Since the payment of the original 20% dividend, and before the declaration of the second dividend, there were certain payments made upon said collateral hypothecated with said village of LaGrange, whereby the amount of the claim of said village against said insolvent bank was reduced.

The agent of the superintendent of banks tendered to said village of LaGrange, in payment of said 10% second dividend hereinabove mentioned, a check amounting to 10% of the sum remaining upon said village's claim against said insolvent bank, after crediting upon said claim the amount of payments made upon the collateral held by said village. This tender was refused by the village, it claiming the right to receive 10% upon the face of its claim as filed and allowed.

Upon refusal of the liquidating agent to pay in accordance with the contention of the village, a motion to show cause why the superintendent of banks should not be punished as and for contempt for failure to comply with the order of the court with reference to the payment of said dividend, was filed by the village of LaGrange. That motion was by the trial court overruled. A motion for a new trial was filed and overruled, and the matter is before this court upon appeal upon questions of law.

Our reading of the order of the court authorizing and ordering the payment of a 10% dividend, does not persuade us that said court, by its order, intended to order the payment of 10% upon the face of all claims as filed and allowed, and we are of the opinion that said liquidator is bound to follow the well-established rules as to payments in liquidation as enumerated by the Supreme Court in its decided cases. The syllabus of the case of **State National Bank v Esterly, Rec., 69 Oh St 24**, is as follows:

"Where the property of an insolvent debtor, by order of court, is placed in the

hands of a receiver to be administered upon for the payment of the insolvent's debts, a creditor who holds collaterals taken to secure his claim, and upon which he has realized before a dividend is declared, is entitled to a dividend on only so much of his debt as remains after deducting the proceeds of the collaterals; and this sum may be ascertained at the time the dividend is declared, although the claim had formerly been proven and allowed for the full amount."

The ruling contained in that case has not been modified, disapproved, nor reversed by the Supreme Court, and the same stands now as the law of the state of Ohio with reference to payments in liquidation under the circumstances presented by the instant case. To us, the case of State National Bank v Esterly appears to be decisive of the question here presented.

The judgment of the trial court is affirmed.

FUNK, PJ, and WASHBURN, J, concur in judgment.