## SELBY v INDUST. COMM.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 3397. Decided Feb. 5, 1942.

Warren A. Smith, for plaintiff-appellant.

Thos. J. Herbert, Attorney General. Columbus; E P. Felker and Albertus B. Conn, Asst. Attys. General, Columbus, for defendant-appellee.

### OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Common Pleas Court of Franklin County, Ohio.

The proceeding originated before the Industrial Commission of Ohio. The plaintiff, Charles Selby, for about fourteen years had been in the employ of the Crane Company located at the northwest corner of Gay and Front

Streets. His employment consisted of janitor work in the main office and shipping room and looking after the lights. His hours of work were from six o'clock in the evening until approximately four o'clock in the morning. He had the privilege of taking time off to go out for a night lunch. According to the testimony of Selby he went out to lunch at night just the same as men go out for dinner at noon. Nothing was said during his employment about going out, except that the management knew he was so doing, although he might, had he desired, have carried his lunch. For a long period of time he had been accustomed to going to either the Clyde Diner, located on Lynn and Wall Streets, or the A. I. U. Grill, located on Front Street. On the night of February 12, 1940, plaintiff left his work for the purpose of going out to get a warm lunch. He crossed Front Street to the north side of Gay and was in the act of crossing Gay Street to the south side thereof when an automobile, operated by a boy, struck him, breaking his left leg. He was laid up and incapacitated from labor for a period of about four months. Thereafter he filed with the Commission an application for compensation, claiming that his injuries were the result of an accident in connection with employment and growing out of his employment.

It appears that the employer was a subscriber to the industrial insurance fund. Upon hearing, the Commission disallowed the claim on the ground that claimant's injuries did not have any causal connection with his employment.

Upon application for rehearing the Commission again disallowed the claim.

The case was then appealed to the Common Pleas Court, and there, after the submission of the evidence and stipulations, the trial Court directed a verdict against the plaintiff.

Motion for new trial was interposed and overruled, judgment entered upon the verdict and thereafter, within proper time, notice of appeal filed on question of law.

While the briefs of counsel take a wider scope, yet in reality the only question involved in the instant case is whether or not there was any causal connection between plaintiff's employment and his accident.

The evidence is uncontroverted that plaintiff was on a mission of his own having no connection with his employment at the time of his alleged accident.

Counsel for plaintiff contend that it was absolutely necessary that plaintiff leave the building where he was working in order to get his night lunch, and that this was known to his employer; and in so doing it was necessary to cross the streets, and further that this subjected him to a hazard so closely connected with his employment as to be considered an environment. Plaintiff in his brief refers us to the following Ohio cases:

Industrial Commission v Henry, 14 Abs 685.

Henry v Industrial Commission, 124 Oh St 616.

Taylor v Industrial Commission, 31 Oh Ap 380.

Outland v Industrial Commission, 136 Oh St 488.

Brenner v Industrial Commission, 63 Oh Ap 387.

We have examined these cases very carefully, but in our judgment they are readily distinguishable from the instant case.

We are unable to find any causal connection between plaintiff's employment and his accident. The risk and hazards were identical with those encountered by the general public. No claim is made or can be made that at the time of the accident plaintiff was engaged in any activity for the benefit of his employer.

Counsel for the Commission cites us to the following cases:

Fassig v The State ex rel Turner, 95 Oh St 232.

Industrial Commission v Weigandt, 102 Oh St 1.

Slanina v Industrial Commission, 117 Oh St 329.

Industrial Commission v Ahern, 119 Oh St 41.

Highway Oil Co. v State ex rel, 130 Oh St 175.

Ashbrook v Industrial Commission, 136 Oh St 115.

Industrial Commission v Bateman, 136 Oh St 379.

Bonnette v Industrial Commission, 22 Abs 176.

We have no difficulty in arriving at the conclusion that the trial court acted correctly in directing verdict and entering judgment.

Judgment will be affirmed and costs adjudged against appellant.

Cause remanded for collection of costs and further proceedings according to law.

GEIGER, PJ. & HORNBECK, J., concur.