## CITY OF AKRON v. FIDELITY & CASUALTY CO. OF NEW YORK.

### No. 9374.

Circuit Court of Appeals, Sixth Circuit.

May 31, 1943.

Clyde B. Macdonald and A. F. O'Neil, both of Akron, Ohio, for appellant.

Paul Clarke, of Cleveland, Ohio, for appellee.

Before SIMONS, HAMILTON, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

This litigation stems from the liquidation of The Commercial Bank and Trust Company of Akron, Ohio, in which the appellant, City of Akron, had deposited public funds, which, pursuant to the statutes of Ohio and the city ordinances, were protected by certain depository bonds executed and delivered by seven surety companies, including the appellee, Fidelity and Casualty Company of New York. The bank deposits of the City had been further protected by collateral security, consisting of real estate mortgages and municipal bonds. Upon the failure of the Bank, the City of Akron sued the appellee and five of the other surety companies upon their respective bonds.

The action brought by the City against the Fidelity and Casualty Company of New York was settled by agreement in writing, dated May 9, 1934; and similar settlement contracts were executed between the City and each of the other surety companies except the Independence Indemnity Company, which was then insolvent and in process of liquidation. These settlement agreements provided that the total deposits of the City in the defunct bank, amounting to $247,500, would be reduced to $122,529.95 by applying, to that end, an agreed value of the collateral held by the City and the face amount of the bond of the insolvent Independence Indemnity Company. These reducing items aggregated $124,970.05. The surety companies, including the appellee, paid to the City their proper proportionate parts of the agreed sum of $122,529.95. The surety companies respectively waived all interest in the collateral security, except in any value remaining after the City

had been made whole. It was provided that the City should receive all dividends from the liquidation of the bank and of the defunct Independence Indemnity Company, until the amount of the obligation of the latter on its bond to the City had been paid in full. Thereafter, all additional dividends from such sources should be the sole property of the sureties, to be distributed in appropriate proportion.

The settlement agreement between appellant and appellee contained this proviso: " * * * these presents shall be construed to be and operate as an assignment of the Obligee's entire right, title and interest in and to its entire deposit with said The Commercial Bank & Trust Company and its rights to dividends from said The Independence Indemnity Company as of and after the happening of the contingency aforesaid, to the several sureties in the proportions stated."

In the instant action brought by the Fidelity and Casualty Company of New York against the City of Akron, the District Court awarded judgment against the City in the sum of $5,328.98, for breach of its contract of May 9, 1934, with the appellee surety company. The decree was based in part upon a finding of fact, supported by evidence, that, without the consent of the surety, the City had compromised its deposit claim of $250,176.14 for a certificate of deposit in the amount of $150,611. The Court found, further, that the effect of this compromise reduced the City's claim against the bank to the extent of $99,973.92. The Court calculated that, had the compromise not been made, dividends of 31.2% would have been paid to the surety companies, and that the resultant loss to the appellee was $5,328.98.

The Court construed the contract of May 9, 1934, between the litigants, as meaning that only *the deposit liability* of the surety companies was reduced to $122,529.95, and that *the entire deposit claim* of the City against the bank had been assigned to the surety companies as of the date of the contract; and that the compromise of its entire deposit claim by the City with the bank's liquidator was a breach of its contract with the surety companies, wrongfully depriving them of their right to receive liquidating dividends on the City's entire deposit.

 Whether the effect of the contract of May 9, 1934, was, as contended by the appellee, an assignment to the sureties

of the City's entire deposit claim of $247,-500, or, as argued by the appellant, an assignment of only $122,529.95, is immaterial; inasmuch as neither the City nor the surety companies, as its assignees, could receive dividends from the bank in liquidation, except to the extent which the compromise agreement between the City and the bank's liquidator provides. This is true for the reason that, under controlling Ohio law, the City's entire claim against the general assets of the insolvent bank must be reduced by the amount realized by the City from the collateral which it held. The sureties could, of course, be allowed no greater claim.

The Supreme Court of Ohio, in State National Bank v. Esterly, 69 Ohio St. 24, 68 N.E. 582, held that "where the property of an insolvent debtor, by order of court, is placed in the hands of a receiver to be administered upon for the payment of the insolvent's debts, a creditor who holds collaterals taken to secure his claim, and upon which he has realized before a dividend is declared, is entitled to a dividend on only so much of his debt as remains after deducting the proceeds of the collaterals; and this sum may be ascertained at the time the dividend is declared, although the claim had formerly been proven and allowed for the full amount." It was deemed inequitable to allow a dividend to a secured creditor on the basis of his entire claim unreduced by collected collaterals, inasmuch as the share of unsecured creditors of the insolvent debtor would be correspondingly diminished. The Ohio Supreme Court took cognizance of Merrill v. National Bank of Jacksonville, 173 U.S. 131, 19 S. Ct. 360, 43 L.Ed. 640, and Chemical National Bank v. Armstrong, 6 Cir., 59 F. 372, 28 L.R.A. 231, cited by appellee, but did not follow the principles pronounced in these Federal decisions.

From decisions of the inferior courts of Ohio, it is clear that in a state bank liquidation a secured depositor is required to deduct the value of his collateral before his claim can be allowed against the fund for general creditors. In re Liquidation of Peoples Bank, 1936, 23 O.L.A. 535; Oakwood v. Fulton, 1933, 14 O.L.A. 685. In the last cited case, the principle of State National Bank v. Esterly, 69 Ohio St. 24, 68 N.E. 582, supra, was applied, with a declaration in the first syllabus that a legal prin-

ciple promulgated and announced by the Supreme Court of Ohio is binding on all inferior courts in the state, even though it may be contrary to the rule announced by the United States Supreme Court. The Esterly case was also recognized as authority by the Court of Appeals of Hamilton County, Ohio, in Western Bank & Trust Company v. Ragland, 1933, 47 Ohio App. 270, 191 N.E. 814.

The comprehensive opinion of Judge Matthews, in Octograph Engraving Co. et al. v. Ragland, Assignee of John B. Swift, Dec. 7, 1932, 30 Ohio N.P.,N.S., 101, is valuable in the context for its analysis of the Ohio rule, its treatment of the Esterly case as prevailing law in Ohio, and its distinction of Assets Realization Co. v. American Bonding Co. of Baltimore, 88 Ohio St. 216, 102 N.E. 719, Ann.Cas.1915A, 1194. The peculiar facts of the Assets Realization Company case, the narration of which would unduly lengthen this opinion without contributing to its rationale, obviously distinguish it from the case at bar. Moreover, this later decision of the Supreme Court of Ohio does not becloud the light cast by the Esterly case, in revelation of appropriate Ohio law.

Merrill v. National Bank, 173 U.S. 131, 19 S.Ct. 360, 43 L.Ed. 640, emphasized by appellee, is not controlling law in this case. Nor is the opinion of this Court in City of Oakwood, Ohio v. Hartford Accident & Indemnity Co., 6 Cir., 81 F.2d 717, which applied the Federal rule as declared in the Merrill and Armstrong cases, supra, authoritative here; for that case, too, was decided prior to the promulgation of the doctrine of Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188, 114 A.L.R. 1487. The law of Ohio undoubtedly governs the decision of this case.

Under Ohio law, the appellee, Fidelity and Casualty Company of New York, received all dividends from the liquidation of The Commercial Bank and Trust Company of Akron, to which, as an assignee of the City of Akron, the surety was entitled. No damage, therefore, ensued to appellee, even should its interpretation of the controversial contract with the City be adopted.

Accordingly, the judgment of the District Court awarding damages to the appellee is reversed; and the cause is remanded with direction to dismiss the complaint.